701 So.2d 967 (1997)
In re Harry Jacob GEISS.
No. 97-B-1726.
Supreme Court of Louisiana.
September 26, 1997.

DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
On September 16, 1996, respondent, Harry Jacob Geiss, was charged by the Office of Disciplinary Counsel ("ODC") with three counts of formal charges. The first count alleged that respondent failed to use diligence and promptness on behalf of his client, failed to properly communicate with his client, and failed to promptly return an unearned fee, all in violation of Rules 1.3, 1.4, 1.15(b), 1.16(d) and 8.4(a)(d) of the Rules of Professional Conduct. The second count alleged that respondent failed to remain current in his obligations as a professional and engaged in the unauthorized practice of law by continuing to practice while ineligible, in violation of Rules 1.1, 5.5(a) and 8.4(a)(c)(d) of the Rules of Professional Conduct and Supreme Court Rule XIX, § 8. The third count alleged that respondent disobeyed his obligations under the rules of a tribunal, failed to cooperate in a disciplinary investigation and engaged in conduct prejudicial to the administration of justice in violation of Louisiana Supreme Court Rule XIX, § 9(c) and Rules 3.4(c), 8.1(b)(c) and 8.4(a)(d)(g) of the Rules of Professional Conduct.
*968 A review of the underlying facts indicates that all the counts arise in connection with respondent's representation of Mr. Charles Whitehead. In August of 1995, respondent was retained by Floyd Hess to secure an early release for Mr. Whitehead, who was serving a fifteen year prison sentence for a fourth offense DWI. At the time he was retained to represent Mr. Whitehead, respondent was ineligible to practice law due to his failure to pay his bar dues and his disciplinary assessment and for failure to comply with his MCLE requirements, but he did not report this fact to Mr. Hess.
Respondent collected a retainer of $1500.00, but he did no work on Mr. Whitehead's behalf and did not communicate with Mr. Whitehead or his relatives. In November, 1995, Mr. Hess requested a refund of the fee. On January 25, 1996, some ninety days after the refund was requested, respondent remitted $1000.00, and six months later, he refunded the balance.
Subsequently, Mr. Hess filed a complaint with the ODC. The ODC mailed a copy of the complaint to respondent and requested a response, but he did not comply. Respondent was subsequently subpoenaed to appear and testify in this investigation. He requested and was granted a continuance, but failed to appear. The ODC requested supplemental responses to the complaint and respondent failed to respond. He was personally served with a subpoena subsequent to his failure to reply to the supplemental request and, again, he failed to comply.
After the filing of formal charges, respondent failed to submit an answer and the charges were deemed admitted. The hearing committee reviewed the matter based on the record and brief submitted by the ODC, as respondent did not submit any documents to the committee. The committee found that respondent's conduct manifested a total disregard for his basic obligations as an attorney, his duties owed to his clients and the profession. It noted there were no mitigating factors, but found there were several aggravating factors: prior disciplinary offenses,[1] failure to cooperate, lack of remorse, and vulnerability of the victims. In light of these factors, the committee recommended a one year suspension, followed by a two year supervised probation with special conditions,[2] and assessment of all costs.
The disciplinary board issued its report after respondent appeared before a panel of the board. It found that although respondent testified to the contrary, he showed no remorse and displayed an attitude that clearly indicated a complete lack of understanding of his actions.[3] The board was convinced that, had he any regard for his license, he would have either remained current on dues, assessments and MCLE requirements or assumed an inactive status. Based on these factors, the board concluded respondent was not a good candidate for probation, and indicated that it was firmly convinced a suspension for a period of one year and one day was an appropriate sanction. The board felt that such a sanction, which would require an application for reinstatement, would "wake up" respondent and protect the public from further harm. One board member concurred, emphasizing respondent's "total disregard for all rules that apply to lawyer conduct."
Neither respondent nor the ODC have filed objections to the disciplinary board's recommendation.
Upon review of the findings and recommendations of the hearing committee and disciplinary board and the record filed herein *969 in, it is the decision of this court that the disciplinary board's recommendation be adopted.
Accordingly, it is ordered that respondent, Harry Jacob Geiss, be suspended from the practice of law for a period of one year and one day. All costs of these proceedings are assessed to respondent.
NOTES
[*] Victory, J. not on panel. Rule IV, Part 2, § 3.
[1] Respondent received two previous admonitions, on July 5, 1995 and September 9, 1994, for failure to cooperate with the ODC.
[2] The conditions recommended were:

1) That a practice and a probation monitor should be appointed to monitor his office filing and client procedures, particularly his handling of client funds.
2) That the respondent be required to cooperate with ODC in all future matters in which he may be involved.
3) That the respondent comply with all MCLE requirements for the year of 1994, 1995 and 1996 and all future years.
4) That the respondent pay all Louisiana State Bar Association dues which he now owes.
[3] Respondent informed the board that, although he now operates a garbage business and no longer practices law, his license is very important to him.