709 So.2d 210 (1998)
In re William R. BROUGH.
No. 98-B-0366.
Supreme Court of Louisiana.
April 3, 1998.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
This attorney disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, William R. Brough, an attorney licensed to practice law in the State of Louisiana. The charges allege violations of Rules 3.1, 3.4(c), 5.5, 8.1(b)(c) and 8.4(a)(d) and (g) of the Rules of Professional Conduct and Supreme Court Rule XIX, § 9(c).
The record indicates that respondent was retained by Fred Seckendorf to represent him in a tort case arising out of a motor vehicle accident. On October 15, 1994, respondent settled the case with his client's uninsured motorist carrier, State Farm, for $5,000 out of the available $100,000 policy limits. Notwithstanding the settlement with State Farm, respondent instituted a lawsuit two weeks later on his client's behalf against the alleged tortfeasor and the Louisiana Insurance Guaranty Association ("LIGA"), the legal successor of the tortfeasor's insolvent insurance carrier. At the time of the filing of the petition, respondent had been ineligible to practice law since June 3, 1993 for failure to pay bar assessments and/or complete his mandatory continuing legal education requirements.
Defendants requested that the suit be dismissed, on the ground that La. R.S. 22:1386 bars the institution of suit against an insolvent carrier, its insured and LIGA when the petitioner's uninsured motorist policy limits have not been exhausted. Respondent failed to comply with the request.
On August 22, 1994, respondent's client, Mr. Seckendorf, filed a complaint with the ODC alleging he had been unable to contact the respondent for over eight months regarding the status of his case. When respondent failed to respond to several of the ODC's requests for information regarding the allegations of misconduct, a subpoena was issued compelling his testimony and production of documents. Respondent failed to comply with the subpoena.
On January 31, 1996, formal charges were filed against respondent, alleging he filed a meritless lawsuit without a good faith basis to do so, engaged in the unauthorized practice of law, failed to cooperate in a disciplinary investigation, disobeyed an order of a tribunal and engaged in conduct prejudicial to the administration of justice. Respondent failed to respond to the charges.
The ODC timely filed its documentary evidence and memorandum on the issue of sanctions, suggesting a lengthy suspension followed by a period of supervised probation as appropriate discipline. Respondent failed to *211 avail himself of the opportunity to present mitigating evidence.
On March 27, 1997, the hearing committee rendered its findings and recommendation. Relying on the ABA Standards for Imposing Lawyer Conduct, it noted the baseline sanction was reprimand for each count of the formal charges. The committee recognized as aggravating factors: (1) prior discipline;[1] (2) obstruction of the disciplinary process; (3) lack of remorse; and (4) substantial experience in the practice of law (admitted 1975). As such, the committee proposed a six month suspension, with all but thirty days deferred, followed by a one year period of supervised probation with conditions. It further recommended payment of all disciplinary proceeding costs.
The ODC filed an objection to the leniency of the hearing committee's recommended sanction.
On February 11, 1998, the disciplinary board filed its recommendation with this court concurring with the factual findings and conclusions of the committee. It stated that even though respondent's conduct may have resulted from "negligence, ignorance of the law, or procrastination" as noted by the hearing committee, there was actual injury to the profession and his client when respondent chose to practice while ineligible. The board recognized the same factors articulated by the hearing committee, but also concluded there were other aggravating factors present, specifically, multiple offenses and the vulnerability of the victim as factors.
Having considered all these factors, the disciplinary board disagreed with the sanction recommended by the hearing committee. Relying on In re Geiss, 97-1726 (La.9/26/97), 701 So.2d 967,[2] the board recommended that respondent be suspended from the practice of law for a period of one year and one day. It also recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed objections with this court to the board's recommendation.
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and the record filed herein, it is the decision of the court that the disciplinary board's recommendation be accepted.
Accordingly, it is ordered that respondent, William R. Brough, be suspended from the practice of law for a period of one year and one day. All costs of these proceedings are assessed against respondent.
NOTES
[*] Knoll, J. not on panel. Rule IV, Part 2, § 3.
[1] Respondent was reprimanded in 1992 for failure to communicate with a client. 92-ADB-020.
[2] In In re Harry Jacob Geiss, 97-1726 (La.9/26/97), 701 So.2d 967, the respondent did not timely refund an unearned fee after failing to communicate with his client and act with due diligence in the handling of a legal matter. Moreover, he engaged in the unauthorized practice of law arising out his ineligibility to practice for failure to comply with his mandatory continuing legal education requirements. As in the instant case, the respondent failed to cooperate with the disciplinary system by not responding to the complaint, disregarding an investigatory subpoena and failing to respond to the formal charges. In light of the respondent's prior disciplinary record consisting of two recent admonitions, as well as other aggravating factors, this court imposed a one year and one day suspension.