ATTORNEY DISCIPLINARY PROCEEDINGS
|1PER CURIAM. *
This attorney disciplinary proceeding arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, William R. Brough, an attorney licensed to practice law in the State of Louisiana.[1]
UNDERLYING FACTS
From 1989 to 1995, respondent regularly sent clients to Dr. Stewart Altman and Associates for medical treatment in connection with personal injury cases. Respondent received settlement checks in these clients’ cases and withheld funds from these settlements to pay Dr. Altman. However, respondent failed to remit these funds to Dr. Altman.
On April 24, 1996, the ODC sent respondent copies of the complaints made on behalf of Dr. Altman via certified mail, requesting a response. Respondent failed to claim this letter. On May 17, 1996, the ODC sent additional letters both by certified and regular mail to respondent’s address as registered with this court. Those letters were apparently delivered, as they were not returned by the post office. However, respondent neglected to respond to the complaint. As a result of respondent’s failure to respond, the ODC requested that a subpoena be issued. On September 3, 1997, respondent was personally served with a subpoena to testify and produce documents before the ODC in the investigation of Dr. Altman’s complaint. Respondent did not appear or produce the documents subpoenaed, and he never responded to Dr. Altman’s complaint in any way.
I ^DISCIPLINARY PROCEEDINGS

Formal Charges

The ODC filed formal charges against the respondent on November 3, 1997, alleging several violations of the Rules of Professional Conduct.[2] Specifically, the *532 ODC alleged respondent failed to protect third party funds, failed to give an accounting concerning those funds, and failed to inform Dr. Altman that he had received funds in which Dr. Altman had an interest. The charges further allege respondent commingled and converted third party funds, and failed to properly maintain a client trust account or comply with the IOLTA requirements of Supreme Court Rule XIX and the Rules of Professional Conduct. Finally, the ODC alleged that respondent disobeyed an obligation under the rules of a tribunal, failed to cooperate in an investigation, failed to make any kind of response, and engaged in conduct prejudicial to the administration of justice.
The ODC sent respondent notice of the formal -charges via certified mail and regular mail to his official Rule XIX address, as well as to his last known address. The certified mail was returned marked “unclaimed,” but the first class mail was not returned. Respondent did not file an answer or any other response to the formal charges. Accordingly, with the hearing committee’s approval, the ODC submitted the case on documentary evidence alone.
In support of the allegations against respondent, the ODC provided a number of exhibits, including copies of settlement contracts respondent’s clients had signed, which indicated the amount withheld from their settlement for the payment of Dr. Altman’s medical fees. In further support, the ODC included copies of bank statements provided by the First National Bank of Commerce,[3] indicating that respondent had deposited his clients’ settlement checks into his “special |saccount,” and paid his clients the amount due them, but that he also used this account for personal transactions. There was no evidence that respondent had complied with the IOLTA requirements of Supreme Court Rule XIX. When questioned about these matters, respondent failed to cooperate with the investigation, and he failed to appear pursuant to a subpoena.

Hearing Committee Recommendation

The hearing committee found that the ODC proved all the factual allegations set forth in the formal charges by clear and convincing evidence. The hearing committee further found the following aggravating factors: prior misconduct, dishonest and selfish motive, pattern of misconduct, multiple offenses, failure to cooperate with a disciplinary investigation, no remorse, vulnerability of the victim, substantial experience in the practice of law, and indifference to making restitution. The hearing committee noted that the first aggravating factor — pri- or misconduct — was most significant, as respondent had been sanctioned on two prior occasions.[4]
After referring to the ABA’s Standards for Imposing Lawyer Sanctions, and Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), the hearing committee *533 concluded that disbarment was the appropriate sanction, since respondent has injured a third party, made no attempts at restitution, and has ignored the disciplinary process. The committee noted that when the most recent misconduct is but one of a series of violations, it becomes readily apparent that the disciplinary system must act to make certain that respondent never again has the opportunity to harm potential victims. Accordingly, the hearing committee recommended that respondent be disbarred.

Disciplinary Board Recommendation

The disciplinary board concurred with the findings of the hearing committee. It found respondent’s conduct resulted in Dr. Altman being deprived of approximately $6,000 in fees.[5] The 14board accepted the aggravating factors set forth by the ODC and adopted by the hearing committee, and further recognized respondent provided no evidence in mitigation. Additionally, the board took note of the fact that respondent is currently suspended by order of this court for a year and a day.
After considering the record, the recommendation of the hearing committee, and respondent’s prior discipline, the board agreed with the hearing committee that respondent should be disbarred. The board also recommended that respondent make full restitution to Dr. Altman, and that he be ordered to pay all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the findings of the hearing committee and disciplinary board. Respondent’s actions demonstrate he has little regard for client funds. He has failed to maintain a trust account and has commingled client funds with his personal funds. Additionally, he has refused to turn over a substantial amount of third party funds owed to a health care provider, despite retaining these funds from client settlements. Finally, respondent has made no effort to cooperate in any way with this disciplinary investigation.
Considering all these factors, as well as respondent’s prior disciplinary record, we conclude he is unfit to practice law. Accordingly, the disciplinary board’s recommendation of disbarment is an appropriate sanction.
DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and after consideration of the record filed herein, it is the decision of the court that the name of respondent, William R. Brough, be stricken from the roll of attorneys, and that his license to practice law in the State of Louisiana be revoked. Respondent is further ordered to make |Bfull restitution to Dr. Stewart Altman. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1.

 Kimball, J. not on panel. Rule IV, Part II, § 3.

. Respondent was suspended from the practice of law for one year and one day based on charges involving the filing of a meritless lawsuit, unauthorized practice of law, and failure to cooperate with disciplinary proceedings. In re: Brough, 98-0366 (La.4/3/98), 709 So.2d 210.

. The formal charges allege violations of the following Rules of Professional Conduct: Rule 1.15 (failure to safeguard client funds; failure to segregate client property from attorney's when a dispute arises, and failure to maintain and comply with terms of IOLTA account); 3.4(c) (knowing disobeyance of an obligation under the rules of a tribunal); 8.1(b) (knowing failure to respond to a lawful *532 demand for information from a disciplinary authority); 8.1(c) (Failure to cooperate in ODC investigation); and 8.4(a)(b)(c)(d) and (g) (violating the Rules of Professional Conduct, engaging in criminal acts adversely reflecting on the lawyer’s honesty, engaging in conduct involving fraud, deceit, dishonesty or misrepresentation, engaging in conduct prejudicial to the administration of justice, and failure to cooperate with the ODC).

. Respondent opened First National Bank of Commerce Account #2032-02112, labeled as a "special account,” in September of 1992 and closed the account in July of 1994. A paralegal from the First Commerce Corporation indicated in correspondence to the ODC that no other accounts labeled as “trust,” "escrow,” "client,” or "IOLTA” in the name of William Brough were located in the bank’s records, which were searched as far back as 1991.

. As noted previously, this court suspended respondent for a year and a day in 1998 for filing a meritless lawsuit, the unauthorized practice of law, and failure to cooperate in the disciplinary investigation. In 1992, respondent received an admonition for neglect of a legal matter, failure to communicate and failure to cooperate.

. Although respondent apparently owes Dr. Altman several thousand dollars, the exact balance cannot be determined due to respondent's failure to cooperate with the investigation. Dr. Altman’s documents indicate respondent owes him at least $5,931.00.