767 So.2d 36 (2000)
In re Ashley A. RICHARD.
No. 2000-B-1418.
Supreme Court of Louisiana.
August 31, 2000.
PER CURIAM.[*]

ATTORNEY DISCIPLINARY PROCEEDINGS
This disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Ashley A. Richard, an attorney who is currently ineligible to practice law in Louisiana.

UNDERLYING FACTS
Since 1994, respondent has neither paid his Louisiana State Bar Association membership dues nor fulfilled the mandatory continuing legal education requirement. Accordingly, he is ineligible to practice law. Despite this fact, however, respondent has continued to practice law. In 1996 and 1997, respondent filed legal pleadings in several divorce cases, including Breaux v. Breaux, No. 23,476, Sparks v. Sparks, No. 23,473, and Domingue v. Domingue, No. 23,829, all on the docket of the 23rd Judicial District Court for the Parish of Assumption.
In addition to the three domestic matters, respondent also handled a real estate transaction after he became ineligible to practice law. In 1996, respondent performed a title examination of immovable property acquired by Cory Guidry. Respondent failed to detect a prior mortgage *37 against the property, causing Mr. Guidry to lose the property in a foreclosure. Respondent subsequently failed to communicate with Mr. Guidry and his new attorney to resolve the matter.

DISCIPLINARY PROCEEDINGS
In December 1997, Lawrence Bergeron, the Clerk of the 23rd Judicial District Court, filed a complaint with the ODC concerning respondent's practicing law in that court when he was ineligible to do so. Respondent did not reply to the Bergeron complaint, but in March 1998, he appeared to give a sworn statement in the matter after he was served with a subpoena.[1] In April 1998, Cory Guidry filed a complaint concerning the title examination matter. Respondent did not reply to the Guidry complaint, and he failed to appear to testify before the ODC in response to a subpoena. On May 17, 1999, the ODC filed two counts of formal charges against respondent, alleging his conduct violated Rules 1.4 (failure to communicate with a client), 5.5 (engaging in the unauthorized practice of law), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. Respondent failed to answer or otherwise reply to the formal charges, and the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). Accordingly, no formal hearing was held, and the matter was submitted to the hearing committee solely on documentary evidence.

Hearing Committee Recommendation
After reviewing the record, the hearing committee concluded the ODC proved respondent violated the professional rules as charged. The committee found respondent's conduct was intentional and violated duties owed to his clients, the legal system, and the profession. In particular, the committee pointed out that in the Guidry matter, respondent's client suffered serious injury by the loss of his home.
The committee found several aggravating factors, including dishonest or selfish motive, pattern of misconduct, multiple offenses, and indifference to making restitution. The committee recognized no mitigating circumstances. Considering the ABA's Standards for Imposing Lawyer Sanctions[2] and the prior jurisprudence dealing with the unauthorized practice of law,[3] the committee recommended respondent be disbarred.
*38 Neither respondent nor the ODC objected to the hearing committee's recommendation.

Disciplinary Board Recommendation
The disciplinary board found the ODC proved respondent violated the professional rules as charged, and that respondent's conduct violated duties owed to his clients, the legal system, and the profession. The board noted that respondent knowingly and intentionally failed to comply with his professional obligations under this court's rules, but felt that his conduct in the Guidry matter was merely negligent. The board pointed out, however, that respondent's negligence caused his client actual injury. The board also agreed with the hearing committee's assessment of the aggravating factors and finding of an absence of mitigating factors.
Turning to the issue of an appropriate sanction, the board observed that suspensions have generally been imposed in cases in which attorneys practice law during periods of ineligibility.[4] Nevertheless, the board suggested that the recommendation of disbarment in the instant case is not overly harsh in light of the aggravating circumstances and considering respondent's failure to defend the formal charges.
Accordingly, the board recommended that respondent be disbarred from the practice of law. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court's judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board's recommendation.

DISCUSSION
The record reflects that respondent has not paid bar dues or attended continuing legal education for more than five years. When confronted with the complaint alleging that he continued to practice during his ineligibility, respondent took no steps to investigate the matter. Instead, he simply continued to practice law. Under these facts, and considering the aggravating and mitigating circumstances, we conclude that the sanction recommended by the disciplinary board is appropriate.

DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Ashley A. Richard be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[*] Marcus, J., not on panel. Rule IV, Part II, § 3.
[1] Respondent testified that he was "surprised" by the Bergeron complaint because he was unaware of his ineligibility to practice. Nevertheless, he admitted that he has not paid bar dues or attended continuing legal education since 1994. Respondent conceded that following his receipt of the complaint, he did nothing to investigate the question of his eligibility, but has continued to practice "very limitedly."
[2] The committee cited Standard 8.1, which provides that disbarment is generally appropriate when a lawyer intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession. We take note, however, that the respondent in the present case has no prior disciplinary record, and accordingly, he cannot be said to have violated "the terms of a prior disciplinary order."
[3] The committee relied upon In re: Kramer, 94-0881 (La.6/24/94), 640 So.2d 1319, and Louisiana State Bar Ass'n v. Edwins, 540 So.2d 294 (La.1989). In Kramer, the respondent was convicted in a Missouri court of stealing by deceit and was sentenced to five years in prison. The respondent, who was not licensed to practice law in the State of Missouri, represented himself as an attorney to Ann Walker and offered to get her son out of jail on bond if she gave him $2,000. Respondent never made bail for Ms. Walker's son and kept the money. In light of the respondent's previous disciplinary history, this court accepted the recommendation of the hearing committee and the disciplinary board that respondent be disbarred. In Edwins, the respondent knowingly assisted a non-lawyer in the unauthorized practice of law with the intent to obtain a benefit for himself and the non-lawyer, neglected a legal matter, and violated the disciplinary rules pertaining to the proper handling of client funds. Given the presence of substantial aggravating circumstances and the absence of any mitigating circumstances, this court concluded the appropriate sanction for the respondent's misconduct was disbarment.
[4] The board cited In re: Brough, 98-0366 (La.4/3/98), 709 So.2d 210 (one year and one day suspension for attorney who practiced law while he was ineligible, filed a suit without a good faith basis for doing so, and failed to cooperate with the ODC in its investigation), and In re: Jones, 98-0207 (La.3/27/98), 708 So.2d 413 (one year and one day suspension, with six months deferred, for attorney who practiced law while he was ineligible; numerous aggravating factors present). The board also cited In re: Kramer, 94-0881 (La.6/24/94), 640 So.2d 1319, as having facts similar to Brough and Jones, but we note that Kramer did not involve an attorney practicing law during a period of ineligibility.