*1131 ATTORNEY DISCIPLINARY PROCEEDINGS
| .PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Bobby K. Pitre, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
UNDERLYING FACTS
Since respondent was admitted to the bar in 1985, he has been declared ineligible to practice law on numerous occasions between 1992 through the present for failing to pay his bar dues and/or the disciplinary assessment and for failing to comply with the mandatory continuing legal education (“MCLE”) requirements.[1] While ineligible to practice law, respondent filed pleadings in the Fourteenth Judicial District Court on fourteen occasions between August 17, 1998 and May 4, 2000. Specifically, during this time period, respondent filed four petitions for damages; one petition for custody; one answer after being appointed to represent the interests of an ^absentee; one petition to disavow paternity; four petitions for divorce; one petition to establish paternity; and two motions.[2]
Furthermore, on October 22, 2001, again while ineligible for failing to comply with his professional obligations, respondent filed a writ application in this court on behalf of the plaintiff in Carter v. Lin, No. 01-C-2827. Upon determining respondent was ineligible to practice, this court’s clerk’s office advised respondent to take the appropriate steps to become eligible or arrange for other counsel to represent his client.[3] Respondent did neither. This *1132 court denied the writ application on January 4, 2002. On January 17, 2002, respondent filed an application for reconsideration, at which time he was still ineligible to practice law.
DISCIPLINARY PROCEEDINGS
After investigation, the ODC filed one count of formal charges against respondent. The formal charges alleged that respondent violated the following Rules of Professional Conduct: Rules 1.1(b) (failure to comply with the minimum requirements of continuing legal education), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 5.5(a) (engaging in the unauthorized practice of law), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, 13or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). The formal charges further alleged that respondent violated Supreme Court Rule XIX, § 8(A)-(F) (disciplinary assessment and attorney registration statement requirements and guidelines) and violated the Rules of Professional Conduct, which constitutes a ground for discipline under Rule XIX, § 9(a).
The formal charges were served upon respondent by certified mail.[4] Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Recommendation

After consideration of the ODC’s submission in response to the deemed admitted order, the hearing committee found that respondent began running a deficit in his MCLE requirements in 1996, when he earned no hours at all. The MCLE hours taken each year thereafter were applied retroactively to satisfy deficits in previous years, but were still insufficient. Respondent was ultimately declared MCLE ineligible on August 6, 1998 and did not become eligible until October 17, 2000. He was again declared MCLE ineligible on July 26, 2001 and has remained so ever since. Respondent continued to practice law during his periods of ineligibility. He also | continued to hold himself out as an attorney authorized to practice law by virtue of the sign at his office.
Based on these findings, the committee determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The baseline sanction for this conduct is disbarment. The committee did not address the aggravating factors present but noted a lack of mitigating factors.
Relying on Guideline 8 of the permanent disbarment guidelines found in Supreme Court Rule XIX, Appendix E,[5] and in the interest of protecting the public from respondent’s “repeated failures to meet his *1133 obligations,” the committee recommended that respondent be permanently disbarred.
Respondent filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found that respondent violated the Rules of Professional Conduct as alleged in the formal charges as well as Supreme Court Rule XIX, § 8(A) and (C)[6] and § 9(A). Respondent failed to timely pay the required disciplinary assessment on several occasions and failed to submit an attorney registration statement. Respondent also failed to comply with the MCLE requirements and was ineligible for this reason from August 6,1998 to October 17, 2000 and from July 26, 2001 to the present. Furthermore, respondent ignored a request by the clerk of the Supreme Court to bring his status up to date or to substitute |Kcounsel following his filing of a writ application. He also continually practiced law during periods of ineligibility.
Based upon these findings, the board determined that respondent knowingly violated duties owed to his clients, the public, the legal system, and the profession. He harmed his clients by leading them to believe he was eligible to represent them. He violated a duty owed to the public by holding himself out to be a licensed attorney eligible to practice law and by accepting new clients. The duty he owed to the legal system was violated when he filed pleadings he should not have filed because he was ineligible. Finally, his conduct has shown that he has little regard for the profession by his failure to maintain MCLE requirements or pay the required bar dues. The record does not reveal any actual harm to respondent’s clients, but the potential for serious injury existed. According to the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction for this conduct is disbarment.
As aggravating factors, the board recognized respondent’s prior disciplinary offenses,[7] multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency,[8] and substantial experience in the practice of law (admitted 1985). The board determined that the record does not support any mitigating factors.
Addressing the hearing committee’s reliance on Guideline 8 of the permanent disbarment guidelines, the board determined that the guideline is reserved for attorneys who have resigned, been suspended, or been disbarred. It reasoned that ineligibility is not the same as suspension imposed by a disciplinary agency. As a [¿result, the board determined that respondent does not fall within the categories included in Guideline 8.
The board recognized that respondent continued to engage in the practice of law notwithstanding that various parties notified him of his ineligibility. Respondent was also admonished for similar misconduct but filed pleadings for clients on at least fourteen separate occasions. Indeed, in November 2004 respondent wrote a letter to the board on his office letterhead stationery. Under these circumstances, *1134 and considering this court’s prior jurisprudence, the board recommended that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of§ 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, |7additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
Based on the deemed admitted facts and other evidence in the record, we find respondent violated the Rules of Professional Conduct. The record clearly establishes that respondent represented clients despite his ineligibility to practice law as a result of his failure to pay bar dues and/or the disciplinary assessment and to fulfill his MCLE requirements. Having found this professional misconduct, the sole issue presented for our consideration is the appropriate sanction.
In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
As a threshold issue, we agree with the disciplinary board’s conclusion that Guideline 8 of the permanent disbarment guidelines is inapplicable in this case. Guideline 8 provides that a lawyer may be permanently disbarred for “engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.” Although practicing law while ineligible constitutes the unauthorized practice of law for purposes of Rule 5.5(a),[9] Guideline 8 focuses on attorneys who | shave engaged in the unauthorized practice of law following resignation, suspension, or disbarment. Because respondent has not resigned from the Louisiana State Bar Association, nor has he been suspended or disbarred, it follows that Guideline 8 is inapplicable here.
*1135 In In re: Hardy, 03-0443 (La.5/2/03), 848 So.2d 511, this court reviewed the applicable jurisprudence relating to cases in which an attorney practices law while ineligible to do so. We concluded that prior opinions imposed sanctions ranging from a six-month suspension to disbarment:
In cases in which an attorney has engaged in the practice of law while ineligible to do so for failing to pay bar dues or failing to comply with the mandatory continuing legal education requirements, this court has imposed suspensions to disbarment, with the baseline sanction generally being a one year and one day suspension from the practice of law. See In re: Richard, 00-1418 (La.8/31/00), 767 So.2d 36 (disbarment imposed upon an attorney without a pri- or disciplinary record who engaged in the practice of law while ineligible for more than six years); In re: Withers, 99-2951 (La.11/19/99), 747 So.2d 514 (six-month suspension imposed upon an attorney without a prior disciplinary record who represented a client while ineligible, became involved in a “highly improper” relationship with her client, and failed to cooperate with the ODC in its investigation); In re: Grady, 99-0440 (La.4/9/99), 731 So.2d 878 (one year and one day suspension imposed upon an attorney who failed to terminate a representation after he became ineligible and failed to advise his client of the status of her case; numerous aggravating factors present); In re: Brough, 98-0366 (La.4/3/98), 709 So.2d 210 (one year and one day suspension imposed upon an attorney who practiced law while ineligible, filed a suit without a good faith basis for doing so, and failed to cooperate with the ODC in its investigation; numerous aggravating factors present); In re: Jones, 98-0207 (La.3/27/98), 708 So.2d 413 (one year and one day suspension, with six months deferred, imposed upon an attorney who practiced law while ineligible; numerous aggravating factors present); and In re: Geiss, 97-1726 (La.9/26/97), 701 So.2d 967 (one year and one day suspension imposed upon an attorney who practiced law while ineligible, neglected a legal matter, failed to communicate with his client, and failed to refund an unearned fee).
The facts of the instant case support a sanction on the upper end of this range. Unlike cases involving a single instance of practicing while ineligible, respondent filed multiple pleadings over a period of several years. Most significantly, he continued to practice despite being admonished in 1999 by the disciplinary board for practicing while ineligible and after being advised by this court’s clerk’s office that he was ineligible.
There is no justification for respondent’s contumacious refusal to comply with the eligibility requirements we impose on all attorneys. Considering respondent’s utter disregard for his obligations as a member of the bar of this state, we conclude he lacks the fitness to practice law. See In re: Domm, 04-1194 (La.10/8/04), 883 So.2d 966 (“Respondent’s long history of failing to pay his bar dues and the disciplinary assessment, and of failing to complete his MCLE requirements, demonstrate that he has no respect for his obligations as a professional.”).
Accordingly, we find respondent must be disbarred.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Bobby K. Pitre, Louisiana Bar Roll number 17094, be and *1136 he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. All costs and expenses in the matter are assessed against1 ^respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent’s history of non-compliance is as follows:
6/1/92 to 6/5/92 — failure to pay bar dues;
9/1/93 to 9/13/93 — failure to pay bar dues;
9/30/94 to 10/17/94 — failure to pay bar dues;
1/1/95 to 6/10/98 — failure to pay the disciplinary assessment;
9/6/95 to 6/10/98 — failure to pay bar dues;
8/6/98 to 10/17/00 — failure to comply with the mandatory continuing legal education requirements;
9/1/00 to 10/12/00 — failure to pay bar dues and the disciplinary assessment;
7/26/01 to present — failure to comply with MCLE requirements; and
9/4/01 to present — failure to pay bar dues and the disciplinary assessment.

. It is noteworthy that ten of these pleadings were filed by respondent after he was admonished by the disciplinary board on March 23, 1999 for practicing law while ineligible to do so (99-ADB-019).

. The letter further stated:
In order for your client to have proper representation with regard to the above entitled writ application which you filed with this Court, it will be necessary for you to contact the Louisiana State Bar Association to bring your status up to date, or in the alternative, to have someone who is eligible to represent your client in this court.

. The return receipt card was signed by respondent personally.

. Guideline 8 provides that an attorney may be permanently disbarred for “engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.”

. The board noted that subsections B, D, E, and F of Rule XIX, § 8 are procedural or non-substantive in nature and cannot be violated.

. In addition to the 1999 admonition previously noted, respondent was admonished by the disciplinary board in December 1996 for failing to cooperate with the ODC in an investigation (96-ADB-073).

. Respondent was subpoenaed to appear for a sworn statement on July 22, 2002, but he failed to appear.

. Rule 5.5(a) provides:
A lawyer shall not:
(a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.