*683 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
_JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, James Hamilton Dowling, Jr., an attorney licensed to practice law in Louisiana.
FORMAL CHARGES
Between December 14, 2009 and October 12, 2010, respondent represented Craig Delaune in a criminal matter. On October 12, 2010, Mr. Delaune pleaded guilty to a lesser charge and was sentenced.
On September 9, 2011, respondent was declared ineligible to practice law in Louisiana for failure to pay his bar dues and the disciplinary assessment and for failure to file his trust account disclosure statement. He has continuously remained ineligible to practice law since that date.[1]
In January 2012, while he was ineligible to practice law, respondent agreed to represent Mr. Delaune in an attempt to expunge his conviction. Between January 7, 2012 and March 27, 2012, respondent received a total of $2,000 in advanced attorney’s fees from Mr. Delaune. However, after receiving the fees, respondent failed to file an expungement proceeding. Mr. Delaune was also |2unable to locate or contact respondent, and respondent did not account for or refund the unearned fee.
DISCIPLINARY PROCEEDINGS
In July 2013, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.1(c) (failure to pay bar dues and the disciplinary assessment), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(f) (failure to account for or refund an unearned fee), 5.5 (engaging in the unauthorized practice of law), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee, noting that the factual allegations. in the formal charges were deemed admitted, accepted those facts as true. Based on those facts, the committee determined respon *684 dent violated the Rules of Professional Conduct as alleged in the formal charges.
13After reviewing the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is disbarment. In aggravation, the committee found the following factors: a dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, and indifference to making restitution. In mitigation, the committee acknowledged that respondent has no prior disciplinary record.
After also considering this court’s prior jurisprudence addressing similar misconduct, the committee recommended that respondent be disbarred and be required to pay full restitution, with legal interest, to Mr. Delaune.
Neither respondent nor the ODC filed an objection to the committee’s report or recommendation.

Disciplinary Board Recommendation

After reviewing the record, the disciplinary board determined that the hearing committee’s factual findings are supported by the factual allegations asserted in the formal charges and/or by the evidence submitted in support of the allegations. The board also agreed with the committee that respondent violated the Rules of Professional Conduct as charged.
The board further determined that respondent knowingly, if not intentionally, violated duties owed to his client and the legal profession. He caused actual harm to Mr. Delaune by collecting $2,000 for legal services he did not perform and failing to refund those funds. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension.
In aggravation, the board found the following factors: a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, substantial | ^experience in the practice of law (admitted 2003), and indifference to making restitution. Like the committee, the board found the sole mitigating factor to be the absence of a prior disciplinary record.
After also considering this court’s prior jurisprudence addressing similar misconduct, the board recommended that respondent be suspended from the practice of law for one year and one day. The board also recommended that respondent be ordered to refund the unearned fee to Mr. Delaune. One board member dissented and would recommend disbarment because respondent had not yet refunded the unearned fee.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a *685 violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to Rprove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-8058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent accepted a representation and a legal fee when he was ineligible to practice law, neglected a legal matter, failed to communicate with his client, and failed to refund an unearned fee. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
Respondent knowingly, if not intentionally, violated duties owed to his client and the legal profession, causing actual harm. The baseline sanction for this type of misconduct is suspension. The record supports the aggravating factors found by the disciplinary board, and the only mitigating factor present is the absence of a prior disciplinary record.
We addressed similar misconduct in the case of In re: Geiss, 97-1726 (La.9/26/97), 701 So.2d 967. In Geiss, an attorney accepted a representation and a $1,500 fee while he was ineligible to practice law. The attorney then neglected the legal matter and failed to communicate with the client. He also failed to timely refund the unearned fee, taking nine months from the date the client requested a refund to fully comply. Additionally, the attorney failed to cooperate with the ODC in its investigation and did not answer the formal charges filed against him. For this misconduct, we suspended the attorney from the practice of law for one year and one day.
Uln light of our decision in Geiss, we agree that the one year and one day suspension recommended by the board in the instant case is appropriate. Accordingly, we will accept the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day. We will also order respondent to refund the unearned fee to Mr. Delaune.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that James Hamilton Dowling, Jr., Louisiana Bar Roll number 28341, be and he hereby is suspended from the practice of law for one year and one day. It is further ordered that respondent shall refund $2,000 plus legal interest to Craig Delaune. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. As of May 31, 2013, respondent is also ineligible to practice law for failing to fulfill mandatory continuing legal education requirements.