PER CURIAM.
_JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, William Paul Polk, II, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
UNDERLYING FACTS
In June 2010, Arthur Brogna hired respondent to handle his father’s succession. Respondent estimated the total costs for the representation would be $1,500 and requested an advance deposit of $700, which Mr. Brogna paid.
On September 10, 2010, respondent was declared ineligible to practice law for failure to pay his bar dues and the disciplinary assessment. On June 7, 2011, respondent was declared ineligible to practice law for failure to satisfy the mandatory continuing legal education (“MCLE”) requirements, and on September 9, 2011, he was declared ineligible to practice law for failure to file a trust account registration statement. Respondent remained ineligible at all times pertinent to these proceedings.[1] Despite his ineligible status, respondent did not withdraw from the representation and continued to represent Mr. Brogna. Respondent never informed Mr. Brogna of his ineligible status.
|2Over the next year, several e-mails were exchanged between respondent and Mr. Brogna. In those exchanges, Mr. Brogna repeatedly asked respondent for status updates regarding his case. In response to these inquiries, respondent assured Mr. Brogna that he was handling the matter and apologized for the delays. As of July 2011, the petition for possession had yet to be filed.
In August 2011, Mr. Brogna warned respondent that he intended to file a disciplinary complaint if respondent did not complete the job for which he was hired. In response, respondent indicated that he had solicited another attorney to complete the succession. Mr. Brogna, who was not previously advised of any other lawyer be *1133 ing involved in his case'and did not authorize respondent to refer his case to any other lawyer, told respondent that he would hire another lawyer and asked respondent for a full refund of his fee. Despite this request, respondent failed to provide Mr. Brogna with an accounting or refund any portion of the advance deposit.
In September 2011, Mr. Brogna hired other counsel to complete the succession, paying a total of $2,484 for the new representation. The matter was completed by March 2012.
DISCIPLINARY PROCEEDINGS
In August 2013, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.16(a)(1) (a lawyer shall not represent a client if the representation will result in a violation of the Rules of Professional Conduct or other law), 1.16(d) (obligations upon termination of the representation), 5.5(a) (engaging in the unauthorized practice of law), and 8.4(a) (violation of the Rules of Professional Conduct).
[ .¡Initially, respondent failed to answer the charges, and the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). Thereafter, respondent submitted a motion to withdraw the deemed admitted order, which the hearing committee chair granted. Respondent then filed an answer to the formal charges, denying any violation of the Rules of Professional Conduct.
The matter proceeded to a formal hearing before the hearing committee in November 2014. At the start of the hearing, respondent stipulated to the facts as alleged by the ODC and admitted that he violated the Rules of Professional Conduct as charged. The hearing was then limited to the issue of mitigation. ■

Mitigation Hearing

The hearing committee conducted the hearing in November 2014. The ODC introduced documentary evidence but called no witnesses to testify before the committee. Respondent testified on his own behalf and on cross-examination by the ODC.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee accepted the stipulated facts and found that the rule violations alleged in the formal charges were proven by clear and convincing evidence.
The committee noted that respondent accepted the representation of Mr. Brogna as a favor to another attorney. When respondent realized he was ineligible to practice, he felt , too embarrassed to notify his client of same. Respondent indicated that he does not have an active law practice, and thus, never attempted to maintain his MCLE requirements or make his bar dues and disciplinary assessments current. Nevertheless, respondent realizes he grievoüsly erred in not | notifying Mr. Brogna of his ineligibility. The committee was troubled by respondent’s failure to refund the fee, due to the scant evidence that his fee was earned, but was also impressed with the sincerity demonstrated by respondent during his testimony regarding the reason why he had not refunded the fee.[2]
*1134 The committee noted that respondent’s actions caused actual harm to his client. The committee also noted that in prior cases involving the practice of law by attorneys who are ineligible to do so, the court has imposed sanctions ranging from suspension to disbarment, with the baseline sanction generally being a suspension of one year and one day. See In re: Hardy, 03-0443 (La.5/2/03), 848 So.2d 511.
In aggravation, the committee found substantial experience in the practice of law (admitted 1996). In mitigation, the committee found absence of a prior disciplinary record, absence of a dishonest or selfish motive, and remorse.
Considering respondent’s misconduct in light of the prior jurisprudence of this court, as well as the aggravating and mitigating factors, the committee determined a downward deviation from the baseline sanction to be appropriate, and recommended respondent be suspended from the practice of law for one year. The committee also recommended that during his suspension, respondent be required to make full restitution to Mr. Brogna, complete Ethics School, pay his bar dues and the disciplinary assessment, and satisfy all MCLE requirements. The committee further recommended respondent be assessed with all costs of these proceedings.
The ODC filed an objection to the hearing committee’s recommendation, arguing that the committee failed to consider respondent’s ongoing failure to pay restitution to Mr. Brogna.

\ ¿Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee was correct in accepting the facts as stipulated to by the parties. The board also determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The board determined respondent knowingly, if not intentionally, violated duties owed to his client. Respondent caused harm to Mr. Brogna by accepting a $700 advance deposit to handle his father’s succession and failing to make any meaningful progress towards completing the matter. Respondent’s inaction caused further harm as Mr. Brogna was deprived of revenue held in suspense by various oil companies until the succession was complete. Mr. Brogna was also forced to hire a second attorney to complete the matter at additional cost to him. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is suspension.
In aggravation, the board found substantial experience in the practice of law, a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and indifference to making restitution. In mitigation, the board found absence of a prior disciplinary record and remorse.
After further considering this court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day. The board also recommended respondent be required to make full restitution to Mr. Brogna, pay his bar dues and the disciplinary assessment, and satisfy all MCLE requirements. The board further recommended respondent be assessed with all costs and expenses of this matter.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
| ^DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Conse *1135 quently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports a finding that respondent practiced law while ineligible to do so, neglected a legal matter, and failed to refund an unearned fee. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to his client, causing actual harm. The baseline sanction for this type of misconduct is suspension. The record supports the following aggravating factors: substantial experience in the practice of Ivlaw and indifference to making restitution. The record supports the following mitigating factors: absence of a prior disciplinary record and remorse.
Turning to the issue of an appropriate sanction, we find guidance from the case of In re: Dowling, 14-1345 (La.9/19/14), 147 So.3d 682. In Dowling, an attorney accepted $2,000 to- represent a client while he was ineligible to practice law. The attorney then neglected the legal matter, failed to communicate with the client, and failed to refund the unearned fee. The attorney also failed to cooperate with the ODC in its investigation and did not answer the formal charges filed against him. For this misconduct, we suspended the attorney from the practice of law for one year and one day.
In light of Dowling, we agree that the one year and one day suspension recommended by the board in the instant case is appropriate. Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day. We will also order respondent to make restitution to Mr. Brogna in the amount of $700 plus legal interest.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that William Paul Polk, II, Louisiana Bar Roll number 24191, be and he hereby is suspended from the practice of law for one year and one day. It is further ordered that respondent shall make restitution of $700 plus legal interest to Arthur Scott Brogna. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the *1136 date of finality of this court’s judgment until paid.

. Respondent paid his bar dues and the disciplinary assessment as of May 28, 2015; however, he remains ineligible to practice law for failure to comply with the MCLE requirements and for failure to file a trust account registration statement.

. Respondent testified that he was prepared to refund the money, but failed attempts at reaching an accord with the Deputy Disciplin-aiy Counsel who had been assigned to Mr. Brogna's complaint prevented him from do- . ing so.