# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
LAWRENCE L. LOZENSKY, BAR NO.
2118.

No. 70406

FILED

NOV 23 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that attorney Lawrence Lozensky be suspended from the practice of law in Nevada for 18 months based on violations of RPC 3.3 (candor toward the tribunal), RPC 5.5 (unauthorized practice of law), RPC 8.1(b) (bar admissions and disciplinary matters), RPC 8.4(c) (misconduct involving dishonesty or misrepresentation), and RPC 8.4(d (misconduct prejudicial to the administration of justice). Because no briefs have been filed, this matter stands submitted for decision on the record. *See* SCR 105(3)(b).

Lozensky was suspended from the practice of law in Nevada on November 9, 2011, based on his failure to comply with mandatory continuing legal education (CLE) requirements. From that point, Lozensky was not authorized to practice law unless reinstated pursuant to SCR 213.[1] SCR 212(5). Lozensky nonetheless engaged in the practice of

---

[1]To date, Lozensky has not been reinstated as provided in SCR 213.

law in two instances by filing documents in the First Judicial District Court.

The first incident occurred in January 2014 and resulted in a February 19, 2015, public reprimand for violations of RPC 5.5 (unauthorized practice of law) and RPC 8.4(a), (d) (misconduct). As to that incident, Lozensky told the district court judge and bar counsel's office that he had forgotten about the CLE suspension.

The second incident gives rise to this instant disciplinary proceeding. It occurred on November 6, 2014, within days after the disciplinary complaint was filed with respect to the first incident. The State Bar received correspondence requesting that it investigate the second incident in early 2015 and asked Lozensky to provide written input on the issues raised in that correspondence. Lozensky did not respond. In October 2015, the State Bar informed Lozensky that the matter had been presented to a screening panel, which had directed the bar to proceed to a formal disciplinary hearing. The disciplinary complaint was filed on December 22, 2015. It alleged that Lozensky violated RPC 5.5 (unauthorized practice of law) by advising and representing a client in an estate matter pending in the First Judicial District Court while CLE suspended, RPC 3.3 (candor toward the tribunal) by falsely representing to the First Judicial District Court that he was authorized to practice law, RPC 8.1(b) (bar admissions and disciplinary matters) by failing to disclose this instance of unauthorized practice during the prior disciplinary investigation involving similar conduct and failing to respond to a lawful demand for information regarding this disciplinary matter, RPC 8.4(c) (misconduct involving dishonesty or misrepresentation) by misrepresenting to his client and the First Judicial District Court that he

was authorized to practice law and to the State Bar in the prior disciplinary proceeding that the prior instance of unauthorized practice was the only time he had engaged in the practice of law while CLE suspended, and RPC 8.4(d) (misconduct prejudicial to the administration of justice) by causing unnecessary delay in the matter pending in the First Judicial District Court due to his unauthorized practice of law. Lozensky was served with the complaint but did not respond. Consequently, the formal hearing was conducted on a default basis with the charges deemed admitted. SCR 105(2). Following the formal hearing, the panel found that Lozensky had violated RPC 5.5 (unauthorized practice of law), RPC 3.3 (candor toward the tribunal), RPC 8.1(b) (bar admissions and disciplinary matters), RPC 8.4(c) (misconduct involving dishonesty or misrepresentation), and RPC 8.4(d) (misconduct prejudicial to the administration of justice), and that he did so knowingly. The panel found one aggravating circumstance—substantial experience in the practice of law. SCR 102.5(1)(i). The panel also found one mitigating circumstance— personal or emotional problems—based on information in a letter that Lozensky sent to bar counsel's office shortly before the formal hearing. SCR 102.5(2)(c). The record supports those findings, and we agree with the hearing panel that Lozensky committed the violations set forth above.

As discipline for the misconduct, the panel recommends an 18-month suspension. Although our review of the recommended discipline is de novo, SCR 105(3)(b), the hearing panel's recommendation is persuasive, *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating

factors." *In re Discipline of Lerner,* 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Considering the duties violated, that the violations were knowing, and that there was actual or potential for injury to Lozensky's client and the legal system, we agree that suspension is the appropriate baseline sanction for the most serious of Lozensky's violations—the unauthorized practice of law and the failure to cooperate in the disciplinary investigation.[2] *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards,* Standard 7.2 (Am. Bar Ass'n 2015); *id.* at 452 (observing that where multiple violations are charged, "[t]he ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct"); *see also In re Riddle,* 857 P.2d 1233, 1235-36 (Ariz. 1993) ("Respondent's failure to cooperate with the self-regulating disciplinary system of the legal profession violated one of his most fundamental duties as a professional."). And further considering the aggravating and mitigating factors, we agree that an 18-month suspension is appropriate and sufficient to serve the purpose of attorney discipline to protect the public, the courts, and the legal profession, *State Bar of Nev. v. Claiborne,* 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

---

[2]Because Lozensky's unauthorized practice was not persistent, reflecting a conscious objective to violate his CLE suspension and engage in the unauthorized practice of law, we conclude that disbarment is not warranted. *Cf. In re Pitre,* 903 So. 2d 1130, 1135 (La. 2005) (concluding that disbarment was appropriate where lawyer filed multiple pleadings over a period of several years while CLE suspended, after previously having been admonished by a disciplinary board for practicing while ineligible and being advised by supreme court's clerk's office that he was ineligible).

We hereby suspend attorney Lawrence Lozensky from the practice of law in Nevada for 18 months, commencing from the date of this order. This suspension is in addition to the CLE suspension. To be reinstated, Lozensky must comply with SCR 116 and 213. Lozensky is further ordered to pay $500 plus the court reporter and mailing costs associated with the disciplinary proceeding within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.[3]

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.      _____, J.
Hardesty                       Douglas

_____, J.      _____, J.
Cherry                        Gibbons

_____, J.
Pickering

cc:    Chair, Northern Nevada Disciplinary Board
       Lawrence L. Lozensky
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court

---

[3]In addition to the notices and disclosures required by SCR 121.1, the State Bar shall send a copy of this order to the State Bar of California, where Lozensky also is licensed to practice law.