*1078 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| ^his disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Freeman W. Ramsey, an attorney licensed to practice law in Louisiana. For the reasons that follow, we suspend respondent from the practice of law for a period of one year and one day.
UNDERLYING FACTS
The ODC filed three separate sets of formal charges against respondent. The formal charges, consisting of a total of six counts, were consolidated by order of the hearing committee chair. The charges and alleged rule violations may be summarized as follows:

05-DB-017

Count I — The Thompson Matter
In January 2000, Georgia Thompson and her family paid respondent a $2,500 fee to handle a social security and immigration matter. Respondent’s work did not produce his clients’ desired results. He also did not adequately communicate with them and failed to properly account for and refund the unearned portion of the fee.
The ODC alleged that respondent violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to | ^communicate with a client), and 1.5(f)(6) (failure to account for and refund an unearned fee) of the Rules of Professional Conduct.
Count II — The Love Matter
In March 1999, Willie Love paid respondent $1,500 to handle an appeal in a criminal matter. In April 2000, Mr. Love terminated respondent’s representation. In August 2000, Mr. Love filed a complaint against respondent with the ODC, indicating that respondent had not done any work on his case and failed to communicate with him. Several notices of the complaint sent to respondent via certified mail were returned unclaimed.
The ODC alleged that respondent violated Rules 1.3, 1.4, 1.5(f)(6), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct. The ODC also alleged that respondent violated Supreme Court Rule XIX, § 9(c) (failure to respond to a lawful demand for information from a disciplinary authority).
Count III — The Miller Matter
In March 1998, Patricia Miller hired respondent to represent her in a social security matter. The fee agreement was $4,000 or 25% of past due benefits, whichever was less. Respondent represented Ms. Miller at the hearing in April 1999, the result of which was in her favor. She paid respondent $1,500, which was 25% of her $6,000 past due benefits check. Respondent also received an additional $4,000 directly from the Social Security Administration (“SSA”) as his fee. Thereafter, the SSA informed Ms. Miller that the $4,000 fee was the most respondent should have received. Respondent failed to respond to Ms. Miller’s February 2000 letter l£equesting a refund of the $1,500 she *1079 paid. Therefore, she filed a lawsuit and obtained a judgment against respondent. However, respondent has failed to pay the judgment. Respondent also failed to respond to the ODC’s numerous requests for an accounting of the $1,500, which he claimed was for expenses and not his fee.
The ODC alleged that respondent violated Rules 1.4, 1.5 (charging an excessive fee), 1.5(f)(6), and 8.4(g) of the Rules of Professional Conduct. The ODC also alleged that respondent violated Supreme Court Rule XIX, § 9(c).

05-DB-022

The Ineligibility Matter

On May 22, 2002, respondent was declared ineligible to practice law due to his failure to pay court-ordered child support. In re: Ramsey, 02-1120 (La.5/22/02), 819 So.2d 1017. Respondent remained ineligible until April 23, 2003. Nevertheless, on June 17, 2002, respondent filed a pleading in the matter of Sims v. Sims, No.2001-003375 on the docket of the 21st Judicial District Court for the Parish of Tangipa-hoa.
The ODC alleged that respondent violated Rules 5.5(a) (engaging in the unauthorized practice of law) and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.

05-DB-0Í3

Count I — The Jacks Matter
Richard Jacks hired respondent to handle a social security matter. Mr. Jacks eventually became dissatisfied with respondent’s services and terminated the representation in October 2003. At that time, he requested respondent return his file. | ¿Respondent failed to do so. He also failed to fully cooperate with the ODC in its investigation of Mr. Jacks’ complaint.
The ODC alleged that respondent violated Rules 1.3, 1.4, 1.16(d) (obligations upon termination of the representation), and 8.1(c) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
Count II — The Dufrene Matter
Jolie Dufrene hired respondent to handle two social security matters. For one matter, she paid him $400. For the other, respondent accepted a contingency fee. Ms. Dufrene became dissatisfied with respondent’s services and requested the return of her file and a refund of the $400. Although respondent agreed to refund the fee, Ms. Dufrene never received same. She also did not receive her file. Respondent failed to claim the certified letter from the ODC notifying him of Ms. Du-frene’s complaint. He also failed to respond to the complaint after being personally served with same.
The ODC alleged that respondent violated Rules 1.3, 1.4, 1.5(f)(5) (failure to refund an unearned fee), 1.16(d), and 8.1(c) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
After investigation, the ODC filed formal charges against respondent. Respondent answered the formal charges and denied any misconduct. This matter then proceeded to a formal hearing on the merits.

Hearing Committee Recommendation

After considering the evidence and testimony presented at the hearing, the hearing committee made the following findings:
*1080 | ñThe Thompson matter — Respondent performed some work in the matter but failed to properly communicate with his clients. He also failed to properly account for and refund the unearned fee. Based on these findings, the committee determined that respondent violated Rules 1.4 and 1.5(f)(6) of the Rules of Professional Conduct. The committee found no violation of Rule 1.3.
The Love matter — Respondent performed some work in the matter. The testimony of Mr. Love and his mother conflicted with the testimony respondent gave during his sworn statement. Therefore, the committee determined that the ODC failed to prove by clear and convincing evidence that respondent violated Rules 1.3, 1.4, and 1.5(f)(6). However, respondent failed to respond to the ODC’s notice of Mr. Love’s complaint in violation of Rule 8.4(g) and Supreme Court Rule XIX, § 9(c).
The Miller matter — Ms. Miller believed the $1,500 was respondent’s fee. Respondent claimed the $1,500 was for expenses but failed to provide an accounting of the expenses. Furthermore, Ms. Miller obtained a judgment against respondent for the $1,500 plus legal interest. Respondent has never refunded the money despite repeated demands and letters from Ms. Miller. Based on these findings, the committee determined that respondent violated Rules 1.4, 1.5, 1.5(f)(6), 8.4(g), and Supreme Court Rule XIX, § 9(c).
The Ineligibility matter — Respondent was declared ineligible to practice law for his failure to pay child support. During the period of ineligibility, he filed pleadings in court. Respondent claimed he was not aware of his ineligibility despite the fact that notice of his ineligibility was mailed to him. Accordingly, the committee determined that respondent violated Rules 5.5(a) and 8.4(d).
The Jacks matter — Based upon the testimony, the committee determined that the ODC failed to prove by clear and convincing evidence that respondent violated | sRules 1.3 and 1.4. However, respondent failed to return Mr. Jacks’ file, in violation of Rule 1.16(d), and failed to cooperate with the ODC, in violation of Rule 8.1(c).
The Dufrene matter — While Ms. Du-frene may not have been given the status of the matter each time she requested it, respondent advised her that he appeared before the Social Security Administration. Therefore, the committee determined that the ODC failed to prove by clear and convincing evidence that respondent violated Rules 1.3, 1.4, and 1.5(f)(5). However, respondent did not return Ms. Dufrene’s file, in violation of Rule 1.16(d), and failed to cooperate with the ODC, in violation of Rule 8.1(c).
Based' on these findings, the committee determined that respondent knowingly violated duties owed to his clients and as a professional. However, none of the violations resulted in serious harm to his clients. Applying the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that suspension is the baseline sanction.
As aggravating factors, the committee found multiple offenses, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and “[r]e-spondent’s demeanor and lack of zeal to defend the charges against him.” In mitigation, the committee noted respondent’s personal problems, both psychological and physical.[1]
*1081 Under these circumstances, the committee recommended that respondent be suspended for one year and one day and attend the Louisiana State Bar Association’s Ethics School prior to seeking reinstatement.
17rf he ODC objected to some of the hearing committee’s findings but did not object to the recommended sanction.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the record supports the hearing committee’s findings in the Thompson matter, the Miller matter, the Ineligibility matter, and the Jacks matter. However, in both the Love matter and the Dufrene matter, the board found the record supports a finding that respondent violated Rule 1.5(f)(5)/!.5(f)(6) by failing to provide his clients with accountings. The board agreed with the committee’s other findings relative to these two matters.
The board agreed with the committee that respondent knowingly violated duties owed to his clients and as a professional, but that he did not cause serious harm to his clients. The board further determined that respondent violated duties owed to the legal system by engaging in conduct prejudicial to the administration of justice and harmed the disciplinary system by failing to cooperate with the ODC. The board also agreed that the baseline sanction is suspension. The board adopted the aggravating and mitigating factors found by the committee and also recognized the absence of a prior disciplinary record as an additional mitigating factor.
Based on the above findings and this court’s prior jurisprudence, the board recommended that respondent be suspended for one year and one day. The board also recommended that respondent make restitution to his clients and return his clients’ files.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
1 «DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record in this matter supports the factual findings of the hearing committee, as modified by the disciplinary board. Although respondent worked on the legal matters he was hired to handle, he failed to communicate with clients, failed to refund an excessive fee, failed to provide accountings and/or refund unearned fees, failed to return client files, practiced law while ineligible, and failed to cooperate with the ODC in its investigations. This conduct violates Rules 1.4, 1.5, 1.5(f)(5)/ *1082 1.5(f)(6), 1.16(d), 5.5(a), 8.1(c), and 8.4(g), as well as Supreme Court Rule XIX, § 9(c).
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and | (¡mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties to his clients, the legal system and to the profession, resulting in harm. The baseline sanction for this misconduct is a period of suspension.
The record supports the following aggravating factors: a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, substantial experience in the practice of law, and indifference to making restitution. The sole mitigating factor supported by the record is the absence of a prior disciplinary record.[2]
Considering the record as a whole, we conclude a suspension from the practice of law for a period of one year and one day, which will necessitate a formal application for reinstatement, is the appropriate sanction for respondent’s misconduct. See, e.g., In re: Randolph, 05-0125 (La.6/3/05), 905 So.2d 1069 (imposing one year and one day suspension on an attorney who failed to communicate with clients, failed to account for and/or refund unearned fees, failed to return client files, and failed to cooperate with the ODC); In re: Szuba, 04-1571 (La.2/4/05), 896 So.2d 976 (imposing one year and one day suspension on an attorney practicing law while ineligible to do so). Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent for a period of one year and one day.
|inDECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that Freeman W. Ramsey, Louisiana Bar Roll number 11096, be and he hereby is suspended from the practice of law for a period of one year and one day. Respondent is ordered to furnish complete accountings and full restitution of all unearned legal fees to his clients subject of the formal charges, and to return any client property in his possession. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The committee noted that, during the hearing, respondent stated he was suffering from *1081 physical injuries at the time of some of the misconduct and was on medication, which required others to transport him and assist him with his practice of law.

. Although respondent testified to personal problems, this evidence was uncorroborated, and we do not believe his difficulties were so severe or atypical that they may be considered in mitigation. See Louisiana State Bar Ass'n v. Amberg, 553 So.2d 448, 452 (La.1989).