*697
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 | iThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Lisa Jeanenne Thomas, an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 07-DB-080
 

 Counts I & II
 
 — The
 
 Unauthorized Practice of Law Matter
 

 Between February 4, 2005 and September 26, 2007, respondent was ineligible to practice law for failing to meet the mandatory continuing legal education (“MCLE”) requirements and failing to pay bar dues and the disciplinary assessment. Nevertheless, from January 9, 2004 until early 2007, respondent represented Michael Brown in a matter involving conversion of succession assets. Additionally, from November 2006 until early 2007, respondent provided legal services and advice to Adri-ane Hunt with respect to a paternity and child support matter pending in California.
 

 On September 20, 2007, the ODC took respondent’s sworn statement. During the sworn statement, respondent admitted she had recently become aware that she was ineligible to practice law, and she stated that she was in the process of | ¿remedying her ineligible status. She also admitted that the ODC advised her several times of the need to update her address with the Louisiana State Bar Association (“LSBA”). During the sworn statement, the ODC advised respondent again to update her address immediately, and she stated that she would do so. However, she did not update her address until October 24, 2007, more than one month later.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (failure to comply with MCLE requirements), 1.1(c) (failure to pay bar dues and the disciplinary assessment; failure to timely notify LSBA of address change), 5.5 (engaging in the unauthorized practice of law), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 Count III
 
 — The
 
 McDonald Matter
 

 In January 2007, while respondent was ineligible to practice law, she accepted the representation of Beverly McDonald in a divorce, custody, and child support matter. Ms. McDonald paid respondent a total of $1,735. Respondent prepared a petition for divorce, custody, and child support. However, the clerk of court’s office told her that she could not file the petition because Ms. McDonald owed money for a previous domestic matter. Ms. McDonald eventually terminated respondent’s services because respondent failed to complete the matter. As such, on August 1, 2007, respondent refunded $1,455 to Ms.
 
 *698
 
 McDonald, having charged her $105 as a consultation fee and $175 to draft the petition. Additionally, respondent did not update her address with the LSBA until October 24, 2007 after telling the ODC on September 20, 2007 that she would do so immediately.
 

 lijThe ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b), 1.1(c), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 5.5, 8.4(a), and 8.4(c).
 

 10-DB-007
 

 Counts I & II
 
 — The
 
 Goff Matter
 

 While respondent was ineligible to practice law, she represented Fred and Marie LeBoyd in personal injury matters. The LeBoyds received medical treatment from Dr. Michael Goff. On November 13, 2006, respondent issued a letter to Dr. Goff in which she guaranteed payment of his services rendered to the LeBoyds. In March 2007, respondent settled the LeBoyds’ claims. Although she withheld funds from the settlement proceeds to pay Dr. Goffs bill, she failed to do so. Instead, she utilized the funds for her own purposes and planned to pay Dr. Goff monthly from her own funds. When Dr. Goff sought payment from respondent, she told him of her plan. On November 26, 2007, she sent Dr. Goff two money orders for partial payment of the bills. However, she made no further monthly payments to Dr. Goff.
 

 Also while respondent was ineligible to practice law, she represented Andre Moore in a personal injury matter. Mr. Moore received medical treatment from Dr. Goff. On January 19, 2007, respondent issued a letter to Dr. Goff in which she guaranteed payment of his services rendered to Mr. Moore. In June 2007, respondent settled Mr. Moore’s claim. Although she withheld funds from the settlement proceeds to pay Dr. Goffs bill, she failed to do so. Instead, she utilized the funds for her own purposes and planned to pay Dr. Goff monthly from her own funds. When Dr. Goff sought payment from respondent, she told him of her plan. However, she never made any monthly payments to Dr. Goff.
 

 [4The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.1(b), 1.1(c), 1.15(a) (safekeeping property of clients or third persons), 1.15(d) (failure to timely remit funds to a client or third person), 1.16(a)(1) (a lawyer shall not represent a client or, when representation has commenced, shall withdraw from the representation of a client if the representation will result in violation of the Rules of Professional Conduct or other law), 5.5, 8.4(a), and 8.4(c).
 

 Count III
 
 — The
 
 James Matter
 

 Respondent was ineligible to practice law from October 31, 2005 until September 26, 2007 for the reasons stated above. She was again declared ineligible to practice law from November 30, 2007 until January 31, 2008 for failing to file a trust account disclosure statement.
 

 In November 2006, respondent began representing Jennifer James in a child support matter. Ms. James paid respondent a $650 flat fee for the representation. The child support matter was being handled by the State of Louisiana in Orleans Parish, and respondent filed a rule to make the matter executory in East Baton Rouge Parish where Ms. James was residing. However, respondent could not advance the East Baton Rouge Parish matter until the issues in the Orleans Parish matter were settled. Before the Orleans Parish matter concluded, Ms. James filed a disciplinary complaint against respondent.
 

 
 *699
 
 In June 2008, respondent informed the ODC of her intent to withdraw from the representation and refund half of the fee. She filed a motion to withdraw as Ms. James’ counsel of record on August 4, 2008. However, she failed to refund the unearned fee to Ms. James.
 

 15The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a), 1.1(b), 1.1(c), 1.5 (fee arrangements), 1.16(a)(1), 1.16(d) (obligations upon termination of the representation), 5.5, 8.4(a), and 8.4(c).
 

 Count TV
 
 — The
 
 Weatherspoon Matter
 

 In April 2008, Triva Weatherspoon hired respondent to represent her in a child support matter, paying respondent a total of $1,205 in attorney’s fees and court costs. In June 2008, Ms. Weatherspoon went to court and learned that respondent had not yet filed anything on her behalf. As such, on or about June 18, 2008, she met with respondent in person and terminated her services. At that time, she also requested a refund. In May 2009, respondent, through her counsel in these disciplinary proceedings, refunded $980 to Ms. Weath-erspoon.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f)(3)(4)(5) (failure to account for or refund an unearned fee), 1.15(a), 1.15(c) (a lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred), 1.16(d), 8.4(a), and 8.4(c).
 

 DISCIPLINARY PROCEEDINGS
 

 In December 2007, the ODC filed formal charges against respondent in 07-DB-080. In February 2010, the ODC filed formal charges against respondent in 10-DB-007. Respondent, through counsel, answered both sets of formal charges, denying any misconduct. The matters were consolidated before proceeding to a formal hearing on the merits, conducted by the hearing committee in September 2010.
 

 1
 
 Hearing Committee Report
 

 After considering the testimony and evidence presented at the hearing, the hearing committee made the following factual findings:
 

 07-DB-080
 
 — Respondent was not eligible to practice law at the time she represented Mr. Brown, Mr. Hunt, and Ms. McDonald. She also misrepresented her status as an attorney to the public during her period of ineligibility and failed to update her address with the LSBA. Based on this misconduct, the committee found that respondent violated Rules 1.1(b), 1.1(c), 5.5, 8.4(a), and 8.4(c) of the Rules of Professional Conduct.
 

 10-DB-007
 
 — Respondent failed to disburse the funds withheld from her clients’ settlements for Dr. Goffs medical bills. Instead, she converted the funds to her own use. Respondent claimed to have intended to pay Dr. Goff in monthly installments, but she was financially unable to do so, leaving $6,128.20 still due to Dr. Goff at the time of the hearing. Based on this misconduct, the committee found that respondent violated Rules 1.15(a), 1.15(d), 1.16(a)(1), 8.4(a), and 8.4(c) of the Rules of Professional Conduct. With respect to the James matter, respondent was unable to transfer the case to Baton Rouge and proceed with enforcement of the child support until the issues in the matter were resolved in New Orleans. Respondent claimed she advised Ms. James of the reason for the delay in January 2008, at which time Ms. James did not express any dissatisfaction with respondent. Respondent then received Ms. James’ disciplinary com
 
 *700
 
 plaint, so she filed a motion to withdraw from Ms. James’ case on August 4, 2008. Although respondent intended to refund approximately $325, which represents the portion of the fee that was not earned, as of the date of the hearing, she had failed to do so. Respondent also failed to maintain a trust account to safeguard her clients’ fees. Based on this misconduct, the committee found that respondent violated Rules 1.1(a), 1.1(b), 1.1(c), 1.5, 1.16(a)(1), 1.16(d), and 8.4(a). With respect to the [ 7Weatherspoon matter, the committee found that the matter seems to be a fee dispute, which resulted in a $980 refund to Ms. Weatherspoon in May 2009. Ms. Weatherspoon failed to appear and testify at the hearing, and the committee found that the ODC failed to prove by clear and convincing evidence that respondent violated the Rules of Professional Conduct in the matter.
 

 The committee determined that respondent violated duties owed to her clients, the public, the legal system, and the legal profession. She caused actual harm to Dr. Goff by failing to pay his bills from settlement proceeds and to Ms. James by failing to refund the unearned fee when requested to do so.
 

 In aggravation, the committee found only multiple offenses. In mitigation, the committee found personal or emotional problems (the death of respondent’s mother in 2000 obviously caused her emotional distress and perhaps accounted for some of her negligence in failing to properly perform her duties in the practice of law), inexperience in the practice of law (admitted 2001), lack of a mentor, and “certain mitigating circumstances involving her lack of knowledge that she was ineligible to practice law while she continued to do so, and when she became aware that she was practicing law while she was ineligible she took the necessary steps to become eligible to do so.” The committee also acknowledged respondent’s cooperation with the ODC’s investigation and her demeanor at the hearing as mitigating factors.
 

 Under these circumstances, the committee recommended that respondent be suspended from the practice of law for two years, with one year deferred, followed by one year of supervised probation, with the condition that she make restitution to Dr. Goff in the amount of $6,128.20 and to Ms. James in the amount of $325.
 

 The ODC objected to the leniency of the sanction recommended by the hearing committee, suggesting that permanent disbarment is appropriate for | ¡¡respondent’s misconduct. In addition, the ODC objected to the mitigating factors found by the committee.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined that the hearing committee’s factual findings do not appear to be manifestly erroneous, with one exception: In the Weatherspoon matter, respondent’s testimony and the documentary evidence established that she failed to promptly refund the unearned fee and unused costs and did not protect the unearned fee by placing it in her trust account. The board then addressed the alleged violations of the Rules of Professional Conduct as follows:
 

 The Unauthorized Practice of Law Matter and the McDonald Matter
 
 — Respondent was deemed ineligible to practice law from February 4, 2005 to September 26, 2007 for failing to fulfill her professional obligations. During that time period, she engaged in the practice of law by providing legal services to Mr. Brown, Mr. Hunt, and Ms. McDonald. Respondent knowingly practiced law while ineligible. Therefore, she violated Rules 5.5 and 8.4(c) in these matters. In the McDonald matter,
 
 *701
 
 respondent represented Ms. McDonald for a relatively short period of time during which she was impeded from filing the petition for divorce because she was told that Ms. McDonald owed money to the clerk of court for a previous domestic matter. As such, there does not appear to be clear and convincing evidence that respondent failed to exercise reasonable diligence in violation of Rule 1.3.
 

 The Goff Matter
 
 — Respondent knowingly practiced law while ineligible when she represented the LeBoyds and Mr. Moore. Therefore, she violated Rules 1.16(a)(1), 5.5, 8.4(c). Respondent further violated Rules 1.15(a) and 1.15(d) by failing to place the settlement funds in her trust account and converting Dr. Goffs |9funds to her own use. Finally, respondent’s handling of the disbursement of the settlement funds demonstrated a lack of competence in violation of Rule 1.1(a).
 

 The James Matter
 
 — Respondent knowingly practiced law while ineligible when she represented Ms. James. Therefore, she violated Rules 1.16(a)(1), 5.5, 8.4(c). Respondent acknowledged that she owes Ms. James a refund but has not yet paid same. Therefore, she violated Rules 1.5 and 1.16(d) by failing to promptly refund the unearned portion of the fee. Finally, the board determined that respondent did not violate Rule 1.1(a) because there was not clear and convincing evidence that she failed to provide competent representation.
 

 The Weatherspoon Matter
 
 — As stated above, respondent’s testimony and the documentary evidence clearly established that she failed to promptly refund or protect the unearned fee and unused costs. Accordingly, she violated Rules 1.5(f)(5) and 1.16(d).
 

 Additionally, the board determined that respondent failed to fulfill her MCLE requirements and failed to pay bar dues and the disciplinary assessment. She also failed to update her registration address, which resulted in her failure to receive notices of ineligibility. Accordingly, she violated Rules 1.1(b) and 1.1(c) as alleged in the formal charges. Finally, she violated Rule 8.4(a) as alleged in the formal charges by violating other Rules of Professional Conduct.
 

 The board further determined that respondent knowingly violated duties owed to her clients and the legal profession. She caused actual harm to Dr. Goff, Ms. James, and Ms. Weatherspoon by failing to remit settlement funds or promptly refund unearned fees. She also harmed the legal profession by failing to fulfill her professional obligations and by practicing law while ineligible.
 

 In aggravation, the board found a pattern of misconduct and multiple offenses. In mitigation, the board found the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, full and free disclosure to the | indisciplinary board and a cooperate attitude toward the proceedings, inexperience in the practice of law, character or reputation, and remorse. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined that the baseline sanction is suspension.
 

 In determining an appropriate sanction, the board focused on respondent’s most egregious misconduct — the unauthorized practice of law and the conversion of third-party funds. With respect to respondent’s unauthorized practice of law, the board determined that the appropriate sanction, based on prior jurisprudence, is at least a six-month suspension with no deferral. With respect to respondent’s conversion of funds, the board determined that this misconduct appeared to be the result of poor law office management skills as opposed to a dishonest or selfish motive. Therefore,
 
 *702
 
 the appropriate sanction, based on prior jurisprudence, is at least a one year and one day suspension with some portion deferred.
 
 [1]
 

 Under these circumstances, the board recommended that respondent be suspended from the practice of law for two years, with one year deferred. The board also recommended that, as a condition of reinstatement, respondent be required to provide restitution to Dr. Goff and Ms. James. Finally, the board recommended that, upon her reinstatement to the practice of law, respondent be required to serve two years of supervised probation, with the following conditions: 1) she shall attend the LSBA’s Ethics School and Trust Accounting School; 2) she shall cooperate with the appointed probation monitor; and 3) she shall refrain from additional violations of the Rules of Professional Conduct.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 I, DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 In this matter, the record supports the hearing committee’s factual findings as modified by the disciplinary board. Essentially, respondent was ineligible to practice law due to her failure to fulfill her annual professional obligations, but nevertheless, she continued to practice law during this period. Her failure to update her registration address with the LSBA resulted in her failure to receive notices of her ineligibility. Additionally, respondent converted third-party funds to her own use and failed to promptly refund unearned fees and unused costs to clients. Based on these facts, respondent has violated the Rules of Professional Conduct as found by the board.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent knowingly violated duties owed to her clients, the public, and the legal profession. Her misconduct caused actual harm. The baseline sanction 112for this type of misconduct is suspension. The record supports the aggravating and mitigating factors found by the board.
 

 We find the discipline imposed in this matter should reflect the fact that respondent’s misconduct was largely the result of her inexperience in the practice of law and her poor law office management
 
 *703
 
 skills rather than the result of any dishonest or selfish motive. With that in mind, we find the sanction recommended by the board is reasonable. Accordingly, we will suspend respondent for a period of two years, with one year deferred, followed by two years of supervised probation with the following conditions:
 

 1) Respondent shall make restitution to Dr. Goff and Ms. James prior to filing for reinstatement pursuant to Supreme Court Rule XIX, § 23;
 

 2) During the probationary period following reinstatement, respondent shall attend the LSBA’s Ethics School and Trust Accounting School;
 

 3) During the probationary period following reinstatement, respondent shall cooperate with the appointed probation monitor; and
 

 4) During the probationary period following reinstatement, respondent shall refrain from additional violations of the Rules of Professional Conduct.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Lisa Jeanenne Thomas, Louisiana Bar Roll number 27306, be and she hereby is suspended from the practice of law for two years, with one year deferred. Following the active portion of the suspension, respondent shall successfully complete a two-year period of supervised probation, subject to the conditions set forth in this opinion. The probationary period shall commence from the date respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent 11sto comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension ex-ecutory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . The board correctly rejected the ODC’s argument that permanent disbarment is appropriate in instances in which a lawyer practices law while ineligible to do so. See
 
 In re: Pitre,
 
 05-0853 (La.6/17/05), 903 So.2d 1130. Further, the board was correct in its determination that respondent’s conversion of funds owed to a third-party medical provider was not intentional and therefore does not warrant permanent disbarment.