*467 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Lisa Jeanenne Thomas, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 2001. In 2011, this court considered a proceeding involving two sets of formal charges against respondent for misconduct that occurred between 2005 and 2008. These charges alleged that respondent practiced law while ineligible to do so, failed to promptly refund unearned fees, and converted third-party funds to her own use. After considering the record, the court suspended respondent from the practice of law for two years, with one year deferred, followed by a two-year period of supervised probation with conditions. In re: Thomas, 11-2012 (La.11/18/11), 74 So.3d 695 (“Thomas I ”). Respondent has not yet filed an application for reinstatement from Thomas I. Accordingly, she remains suspended from the practice of law.
*468 Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
UNDERLYING FACTS
Count I — The Pitcher Matter
In September 2008, Byron Pitcher hired respondent to represent him in a custody matter, for which his mother, Leslie Pitcher, paid respondent a total of $1,230. Although this sum included an advance payment for court costs and filing fees, respondent did not deposit these funds into a trust account. On October 1, 2008, respondent was declared ineligible to practice law for failure to pay her bar dues and the disciplinary assessment.[1] Shortly thereafter, respondent’s representation was terminated. Respondent refunded the unearned portion of her fee and unused costs, but did not do so until March 2010. She also failed to provide an accounting until these disciplinary proceedings commenced.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f)(4) (failure to deposit advanced payment of costs into a trust account), 1.5(f)(5) (failure to refund an unearned fee), 1.15(c) (a lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred), 1.16(d) (obligations upon termination of the representation), 5.5 (engaging in the unauthorized practice of law), and 8.4(a) (violation of the Rules of Professional Conduct).
Count II — The Whitelaw Matter
On November 30, 2007, Gloria Whitelaw hired respondent to write a letter to the Salvation Army on her behalf. On the same day, respondent was declared ineligible to practice law for failure to file a trust account registration statement.[2] Several months later, Ms. Wdiitelaw retained respondent to draft and file a petition |afor damages, pursuant to which she paid respondent a $500 flat fee. Although the fee included an advance payment for filing costs, respondent failed to deposit these funds into a trust account. Respondent drafted the petition, but never filed same. She also failed to provide Ms. Whitelaw with a refund of the unearned portion of her fee or the unused costs.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f)(4), 1.5(f)(5), 1.15(a) (safekeeping property of clients or third persons), 1.15(c), 1.15(g) (failure to create and maintain a client trust account), 1.16(a) (a lawyer shall not represent a client or, when representation has commenced, shall withdraw from the representation of a client if the representation will result in a violation of the Rules of Professional Conduct or other law), 1.16(d), 5.5, and 8.4(a).
Count III — The Ineligibility Matter
Pursuant to its investigation in other disciplinary matters, the ODC discovered that respondent has a history of ineligibility to practice law for failing to comply with her professional obligations.[3] During these *469 periods of ineligibility, respondent provided legal services in twelve proceedings.[4]
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.16(a), 5.5, and 8.4(a).

\ ¿Count IV— The Joseph Matter

In September 2007, Larry Joseph hired respondent to handle his divorce, paying her a total of $970. Respondent was ineligible to practice law when she was hired and when she filed the petition for divorce in January 2008. Respondent accepted payment of court costs in advance, but failed to deposit the funds into a trust account. She never completed the representation and failed to refund the unearned portion of her fee.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f)(4), 1.5(f)(5), 1.15(c), 1.16(a), 1.16(d), 5.5, and 8.4(a).
Count V — The Ricks Matter
In May 2007, Joan Ricks hired respondent to handle her divorce. Respondent was ineligible to practice law when she was hired, when she accepted payment for her services, and when she filed the petition for divorce.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.16(a), 5.5, and 8.4(a).
Count VI — The Wilson Matter
In August 2007, Jasmine Wilson hired respondent to represent her in a family matter, paying her $970. Respondent was ineligible to practice law when she was hired and when she accepted payment for her services. She did not complete the representation and failed to refund the unearned portion of her fee.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f)(5), 1.16(a), 1.16(d), 5.5, and 8.4(a).
|sCount VII — The Ellis Matter
In December 2006, Cathrina Ellis hired respondent to represent her in a family matter, paying her approximately $1,800. Respondent was ineligible to practice law when she accepted payment for her services. She did not complete the representation and failed to refund the unearned portion of her fee. She also failed to communicate with Ms. Ellis in a timely manner.
In August 2010, Ms. Ellis filed a disciplinary complaint against respondent. The ODC attempted to notify respondent of the complaint via certified mail on two occasions. Both letters were returned unclaimed, necessitating the issuance of a subpoena to obtain respondent’s sworn statement. The ODC’s investigator was unable to affect service of the subpoena upon respondent, but respondent, through counsel, ultimately provided a written response to Ms. Ellis’ complaint.
*470 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.4 (failure to communicate with a client), 1.5(f)(5), 1.16(a), 1.16(d), 5.5, 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a).
Count VIII — The Jolla Matter
In August 2007, Bettye Jolla hired respondent to represent her in a family matter. Respondent was ineligible to practice law when she was hired, when she accepted payment for her services, and when she filed a rule on Ms. Jolla’s behalf.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.16(a), 5.5, and 8.4(a).
| fiCount IX — The Woodard Matter
In May 2007, Kenyon Woodard hired respondent to represent him in a family matter, for which he paid respondent a $2,000 flat fee plus costs. While ineligible to practice law, respondent accepted Mr. Woodard as a client, accepted payment for her services, and filed a petition for custody on Mr. Woodard’s behalf. Respondent did not deposit the advance payment of costs in a trust account. She did not complete the representation and failed to refund the unearned portion of her fee or the unused costs. In July 2011, following the filing of a disciplinary complaint by Mr. Woodard, respondent made a $100 payment to him and offered to participate in the Louisiana State Bar Association’s Lawyer Fee Dispute Resolution Program.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f)(4), 1.5(f)(5), 1.15(c), 1.16(a), 1.16(d), 5.5, and 8.4(a).
Count X — The Domino Matter
In December 2008, Walton Domino hired respondent to represent him in a succession matter, for which he paid her approximately $3,000. While ineligible to practice law, respondent accepted Mr. Domino as a client and accepted payment for her services. When respondent did not complete the representation, she agreed in writing to refund $2,000, but ultimately refunded only $1,000 to Mr. Domino. Respondent also failed to provide the ODC with a written response to Mr. Domino’s complaint.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.5(f)(4), 1.5(f)(5), 1.15(c), 1.16(a), 1.16(d), 5.5, 8.1(b), 8.1(c), and 8.4(a).
^DISCIPLINARY PROCEEDINGS
In December 2011, the ODC filed ten counts of formal charges against respondent, as set forth above. Respondent answered the formal charges with a general denial of the factual allegations and rule violations. This matter then proceeded to a formal hearing on the merits.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee adopted factual findings consistent with the underlying facts described above. Based on those facts, the committee determined respondent violated Rules 1.4, 1.5(f)(4)(5), 1.15(a), 1.15(c), 1.15(g), 1.16(a), 1.16(d), 5.5, 8.1(b), and 8.1(c) of the Rules of Professional Conduct.
Turning to the issue of an appropriate sanction, the committee did not discuss in its report the duties violated by respondent, her mental state, or the injury caused, nor did the committee assess the applicable baseline sanction. The commit *471 tee also did not address the aggravating or mitigating factors present.
The committee found that all of the infractions of which respondent is guilty were committed during the same general time frame as the infractions in Thomas I. For this reason, the committee recommended that the sanction imposed in Thomas I be deemed sufficient to address the misconduct in this proceeding. However, the committee also recommended respondent be ordered to make restitution to her clients.[5]
IsThe ODC filed an objection to the hearing committee’s report, noting the recommended sanction appears to be based upon a misinterpretation of Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991).[6]

Disciplinary Board Recommendation

After review, the disciplinary board agreed with the factual findings and legal conclusions of the hearing committee, with some exceptions:
The Pitcher matter — Respondent was declared ineligible to practice law on October 1, 2008, which appears to be near the time the representation was terminated. As such, there is insufficient evidence in the record to support a finding that respondent practiced law while ineligible in violation of Rule 5.5.
The Joseph matter — The record is unclear as to whether any portion of the fee paid by Mr. Joseph was for advance costs, which would be required to be deposited in a trust account. As such, there is not clear and convincing evidence that respondent violated Rules 1.5(f)(4) and 1.15(c).
The Ellis matter — While the evidence suggests there was some delay in respondent filing a response to the complaint, the record does not indicate that she intentionally failed to respond or avoided service, rising to the level of a violation of Rules 8.1(b) and (c).
The Domino matter — The record is not clear as to what portion of the fee, if any, was for an advance payment of costs and/or fees. As such, there is not clear and convincing evidence that respondent violated Rules 1.5(f)(4) and 1.15(c). In addition, the delayed response to the complaint is attributable to an oversight by respondent’s counsel. Because respondent has been otherwise cooperative in this 19matter, the circumstances do not suggest that the facts rise to the level of a violation of Rules 8.1(b) and (c).
Rule 8.1(a) — By violating the Rules discussed above, respondent violated Rule 8.4(a).
The board determined that respondent knowingly violated duties owed to her clients and the legal profession. She caused actual harm to numerous clients by failing to return unearned legal fees and advanced costs. She caused harm to the legal profession by failing to fulfill her professional obligations and by practicing law while deemed ineligible. Citing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the applicable baseline sanction in this matter is suspension.
*472 The board found the following aggravating factors are present: a pattern of misconduct and multiple offenses. The board found the following mitigating factors are present: absence of a prior disciplinary record, absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character and reputation, delay in the disciplinary proceedings,[7] and remorse.
Considering the prior jurisprudence of this court, and in light of the aggravating factors present, the board determined that the sanction recommended by the committee too lenient. Accordingly, the board recommended that respondent be suspended from the practice of law for two years, to run concurrently with the suspension imposed in Thomas I. The board also recommended that respondent pay restitution as determined by a neutral arbiter and that she be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
| ^DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 688 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record in this matter supports the hearing committee’s factual findings,' as modified by the disciplinary board. Essentially, respondent was ineligible to practice law due to her failure to fulfill her annual professional obligations, but nevertheless, she continued to practice law during this period. Respondent also failed to refund unearned fees and unused costs to her clients. Based on these facts, respondent violated the Rules of Professional Conduct as found by the board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
| r. Respondent knowingly violated duties owed to her clients and the legal profession. Her misconduct caused actual harm. The baseline sanction for this type of misconduct is suspension. The record supports the aggravating and mitigating factors found by the board.
Turning to the issue of an appropriate sanction, we note the substantive misconduct in Thomas I occurred between February 2005 and June 2008, during the gen *473 eral time period in which the substantive misconduct in these matters occurred. Based upon our decision in Chatelain, we agree that the substantive misconduct in these matters should be considered along with the misconduct in Thomas I.
In prior cases involving the practice of law by attorneys who are ineligible to do so for failure to comply with professional obligations, we have imposed sanctions ranging from suspension to disbarment, with the baseline sanction generally being a suspension for a period of one year and one day. In re: Hardy, 03-0443 (La.5/2/03), 848 So.2d 511. Respondent was found to have practiced law while certified ineligible on six occasions in Thomas I and on at least fifteen occasions in the instant proceeding. In total, she has engaged in the unauthorized practice of law on at least twenty separate occasions. In light of the court’s jurisprudence and the facts presented, we see no reason to deviate downward from the applicable baseline sanction.
In prior cases involving attorneys with multiple instances of failing to refund unearned fees, among other misconduct, we have imposed moderate-length suspensions. The board cited In re: Ramsey, 07-0006 (La.3/16/07), 951 So.2d 1077, wherein we suspended an attorney for one year and one day for six counts of misconduct that involved failing to provide ac-countings and/or refund unearned fees to four clients, failing to communicate with clients, failing to refund an excessive fee, failing to return client files, practicing law while ineligible, and | ^failing to cooperate with the ODC in its investigation. Numerous aggravating factors were present and the only mitigating factor was the absence of a prior disciplinary record. While the present matter does not contain the numerous aggravating factors that were present in Ramsey, the scope of respondent’s misconduct is no less problematic in that it affected nine clients.
Based on the jurisprudence, a two-year suspension is in the range of appropriate discipline for respondent’s misconduct. Accordingly, we will adopt the board’s recommendation and suspend respondent from the practice of law for two years, to run concurrently with her previous suspension so that the overall discipline takes into account all of her misconduct. We will also order respondent to refund the unearned portion of fees paid by her clients, or alternatively, submit the matters to fee dispute arbitration.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary' board, and considering the record, it is ordered that Lisa Jeanenne Thomas, Louisiana Bar Roll number 27306, be and she hereby is suspended from the practice of law for a period of two years, which suspension shall run concurrently to the suspension imposed in In re: Thomas, 11-2012 (La.11/18/11), 74 So.3d 695. It is further ordered that respondent either return unearned fees to her clients subject to these proceedings or voluntarily participate in the Louisiana State Bar Association’s Fee Dispute Resolution Program regarding her fees. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

.Respondent’s eligibility was not restored until April 29, 2009.

.On this occasion, respondent’s eligibility was not restored until January 31, 2008.

.The records of the Louisiana State Bar Association reflect that respondent has been declared ineligible to practice law as follows:
September 4, 2001-January 14, 2003 Failure to pay bar dues and disciplinary assessment
November 7, 2004-November 8, 2004 Failure to pay bar dues and disciplinary assessment
February 4, 2005-September 26, 2007 Failure to attend mandatory CLE
*469 October 31, 2005-September 26, 2007 Failure to pay bar dues and disciplinary assessment
November 30, 2007-January 31, 2008 Failure to file a trust account registration statement
October 1, 2008-April 29, 2009 Failure to pay bar dues and disciplinary assessment
September 9, 2009-September 10, 2009 Failure to pay bar dues and disciplinary assessment

. The formal charges identify twelve separate client matters wherein respondent is alleged to have practiced law while ineligible. The Ellis matter, which is addressed in Count VII, is among the twelve matters mentioned. However, none of the matters that are listed in these formal charges were included in the Thomas I proceedings.

. Specifically, the committee recommended that respondent make restitution in the following amounts: $250 to Leslie Pitcher, $800 to Gloria Whitelaw, $750 to Larry Joseph, $970 to Jasmine Wilson, $225 to Cathrina Ellis, $2,430 to Kenyon Woodard, and $1,000 to Idora Domino.

. In Chatelain, this court observed that when a second attorney disciplinary proceeding involves conduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.

. The record indicates that the ODC was aware of several of the complaints comprising this matter prior to the filing of the formal charges subject of Thomas I.