857 P.2d 1233

**In the Matter of Robert W. RIDDLE, a Suspended Member of the State Bar of Arizona, Respondent.**

**No. SB–93–0027–D.
Comm. No. 89–1589.**

Supreme Court of Arizona.

June 17, 1993.

John G. Sestak, Jr., State Bar Counsel and Harriet L. Turney, Chief Bar Counsel, Phoenix, for State Bar of Arizona.

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **ROBERT W. RIDDLE,** a suspended member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of eighteen (18) months for conduct in violation of his

duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **ROBERT W. RIDDLE** shall pay restitution in the amount of $2,145.65, together with interest from September 1988, to Client Krepps.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, **ROBERT W. RIDDLE** shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **ROBERT W. RIDDLE** shall pay the costs of these proceedings in the amount of $1,019.68.

EXHIBIT A

BEFORE THE DISCIPLINARY
COMMISSION OF THE
SUPREME COURT OF ARIZONA

Comm. No. 89–1589

In the Matter of
ROBERT W. RIDDLE,
a Suspended Member of the
State Bar of Arizona,
Respondent.

DISCIPLINARY COMMISSION REPORT

[Filed March 5, 1993.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on January 9, 1993, for review of the record on appeal, pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the hearing committee's recommendation of suspension. No objections to the hearing committee's recommendation were filed.

*Decision*

By a unanimous vote of nine aye, the Commission adopts the recommendation of the hearing committee that Respondent be suspended for a period of eighteen months, and that he make restitution to Client Krepps ("Client A") in the amount of $2,145.65, together with interest from September 1988, which represents the amount of the cost judgments entered against her in the medical malpractice action in which Respondent represented her. The Commission also unanimously adopts the findings of fact and conclusions of law of the hearing committee.

*Facts*

Respondent represented Client A as plaintiff in a medical malpractice action filed against multiple defendants in February 1987. In February 1988, Respondent failed to respond to requests for admissions by the defendants, and they were subsequently deemed admitted for purposes of the malpractice action.

Soon thereafter, each of the defendants filed a motion for summary judgment. These motions were based, in part, on the matters deemed admitted and, in part, on Respondent's failure to provide any evidence that he had obtained an expert witness to testify as to the duty of care owed by the defendants. Respondent's response to these motions addressed only the doctrine of *res ipsa loquitur;* it did not address the issues raised by the defendants.

In September 1988, the court granted the motions for summary judgment and entered judgment against Client A for the costs incurred by the defendants. Despite Client A's repeated attempts to learn the status of her case from Respondent, he did not inform her of the summary judgment nor of the monetary judgment entered against her. Respondent also failed to advise Client A of her right to appeal the summary judgment.

When Client A's attempts to communicate with Respondent proved unsuccessful, she asked her former attorney to make inquiries of Respondent to determine the

status of her case. Respondent failed to respond to his requests, as well. In response to the complaint filed by Client A with the State Bar, Respondent stated he did respond to her former attorney's requests for information; however, the hearing committee found this to be untrue.

Respondent's response to the complaint also contained a request that his response remain confidential pursuant to Rule 54, R.Ariz.Sup.Ct. The State Bar granted this request, and requested that Respondent submit a non-confidential reply. Respondent never responded, despite repeated requests by the State Bar.

Respondent has not participated in the disciplinary process since that time. Respondent was personally served with the formal complaint. As he failed to respond, the complaint was deemed admitted. Respondent was notified of his right to be heard in mitigation and, again, failed to respond. Respondent was notified of the opportunity to object to the committee's report and to file a statement on review before the Commission. Respondent did not object, did not file a statement on review, and did not request oral argument before the Commission.

### Discussion of Decision

■ The Commission agrees with the committee's finding that Respondent's conduct violated ER 1.1 when he failed to provide Client A with competent representation; ER 1.2 when he failed to consult with Client A regarding the summary judgment; ER 1.3 by his failure to act with reasonable diligence in representing Client A; ER 1.4 when he failed to keep Client A reasonably informed; ER 8.1(a) when he falsely stated that he had, in fact, responded to Client A's former attorney; ER 8.1(b) when he failed to respond to the State Bar's inquiries into the matter; and ER 8.4(c) by engaging in conduct involving dishonesty.

■ The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Ockrassa*, 165 Ariz. 576, 799 P.2d 1350 (1990). The Commission is guided by the Standards, as well.

Standard 4.4 addresses lack of diligence, which characterizes the majority of Respondent's conduct. Standard 4.42 provides for suspension when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client. Respondent knowingly failed to respond to the requests for admissions and to respond to the issues addressed in the motions for summary judgment. The judgments entered against Client A were a direct result of Respondent's inaction.

Standard 4.62 provides for suspension when a lawyer knowingly deceives a client, and injury or potential injury results. Standard 4.63 provides for reprimand (censure in Arizona) when a lawyer negligently fails to provide a client with accurate or complete information, and causes injury or potential injury to the client. While it is not clear that Respondent actually deceived Client A, his failure to inform her of the summary judgment and monetary judgment entered against her was done knowingly, rather than negligently. Further, it is clear that Client A was harmed.

■ Standard 7.0 addresses violations of duties owed as a professional. The Theoretical Framework to the Standards indicates that these are the duties that are not inherent in the relationship between the professional and the community.[1] One of these is the duty to maintain the integrity of the profession.[2] Standard 7.2 provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system. Respondent's failure to cooperate with the self-regulating disciplinary system of the legal profes-

1. Standards, p. 5.

2. Standards, p. 6.

sion violated one of his most fundamental duties as a professional.

Respondent was previously informally reprimanded in 1988 for, among other things, neglecting a legal matter entrusted to him. Standard 8.3 provides for censure when a lawyer has received an admonition (informal reprimand in Arizona) for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.

The Commission also reviewed Standards 9.22 and 9.32, factors to be considered in aggravation and mitigation. In aggravation, the Commission finds prior disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, submission of false statements during the disciplinary process, refusal to acknowledge the wrongful nature of his conduct, and indifference to making restitution.[3] In addition, the Commission observes that Respondent's lack of diligence in responding to the disciplinary investigation mirrored the lack of diligence Respondent demonstrated in handling Client A's case, thus exhibiting a pattern of misconduct. The Commission finds no factors in mitigation.

The Theoretical Framework to the Standards states that "[t]he ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations ..." (p. 6). The most serious instances of misconduct in the present matter warrant suspension, as indicated in the references to Standards 4.42 and 7.2 above. Additionally, there are numerous factors in aggravation.

■ The State Bar has suggested that a suspension of one to two years is appropriate. The Commission and the committee believe this is an appropriate guideline. The goal of lawyer discipline is not to pun-

ish the lawyer but to deter similar conduct by other lawyers. *In re Fresquez*, 162 Ariz. 328, 783 P.2d 774 (1989). Other lawyers and the public need to know that failure to pursue a client's case and failure to inform a client of the outcome of a case will not be tolerated. The Commission believes a suspension of eighteen months will satisfy the goal of lawyer discipline. Further, the Commission recommends that Respondent be ordered to make restitution to Client Krepps (Client A) in the amount of $2,145.65, together with interest from September 1988, which is the amount of the judgment entered against her for costs in the medical malpractice action.

RESPECTFULLY SUBMITTED this <u>5th</u> day of <u>March</u>, 1993.

/s/ <u>Raymond W. Brown</u>
Raymond W. Brown, Chair
Disciplinary Commission

---

**3.** Although the judgments against Client A were entered over four years ago, Respondent has made no attempt to reimburse Client A for the

costs judgment of $2,145.65 entered against her as a direct result of Respondent's lack of diligence.