# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF MICHAEL J. TOIGO, BAR NO. 1260.

No. 70950

FILED

OCT 21 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY____S. Young____
DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Michael Toigo be suspended from the practice of law in Nevada for one year based on violations of RPC 1.6(c) (confidentiality), RPC 1.15(a) (safekeeping property), and RPC 8.1(b) (bar admission and disciplinary matters). No briefs have been filed and this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Toigo committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Toigo failed to answer the complaint and a default was entered. SCR 105(2). The record therefore establishes that Toigo violated RPC 1.6(c) and RPC 1.15(a) by leaving a large number of client files in his

16-33053

home office after he had been evicted from the home such that the files and his clients' confidential information could be accessed by others. Additionally, the record establishes that Toigo failed to cooperate with the disciplinary investigation, thereby violating RPC 8.1(b).

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo, SCR 105(3)(b), and therefore "must . . . exercise independent judgment," *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Toigo violated duties owed to his clients (RPC 1.6(c) and RPC 1.15(a)) and to the legal profession (RPC 8.1(b)). It appears that the misconduct was knowing or at least negligent. Leaving client files where they could be accessed by others had the potential to injure clients, although there is no evidence in this case of an actual injury. And Toigo's failure to cooperate in the disciplinary investigation "violated one of his most fundaments duties as a professional," *In re Riddle*, 857 P.2d 1233, 1235-36 (Ariz. 1993), and threatens the self-regulating disciplinary system that is crucial to the legal profession. The failure to cooperate also constitutes an aggravating circumstance with respect to the other violations. *See* SCR 102.5(1). In significant mitigation, Toigo has no prior disciplinary offenses in his

almost 40-year practice in Nevada. *See* SCR 102.5(2)(a). Considering all of these factors, we agree that a suspension is warranted. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (Am. Bar. Ass'n 2015); *see also* Annotated Standards for Imposing Lawyer Sanctions 360-61 (Am. Bar. Ass'n 2015).[1]

We are not convinced, however, that a one-year suspension is necessary to serve the purpose of attorney discipline to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Toigo's failure to cooperate in the disciplinary investigation is serious, as is his apparent abandonment of his practice in Nevada. But Toigo's actions did not injure any clients, he has no prior disciplinary proceedings or pattern of misconduct, and a six-month-and-one-day suspension will be sufficient to protect the public and the legal profession as it will require Toigo to petition for reinstatement, *see* SCR 116(1), and explain his conduct. Accordingly, we hereby suspend attorney Michael Toigo from the practice of law in Nevada for a period of six months and one day commencing from the date of this order. Toigo shall pay the costs of the disciplinary

---

[1]Where, as here, there are multiple charges of misconduct, "[t]he ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations." Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar. Ass'n 2015). In this case, the most serious instance of misconduct warrants suspension, as indicated by Standard 7.2.

proceedings, excluding staff salaries, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

DOUGLAS, J., dissenting:

I dissent. I would follow recommendation of the disciplinary panel.

_____, J.
Douglas

cc: Chair, Southern Nevada Disciplinary Board
Michael J. Toigo
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court