# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JEFFREY P. AYLWARD, BAR NO. 7983.

No. 71049

**FILED**

OCT 21 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Jeffrey P. Aylward be suspended from the practice of law in Nevada for three years based on multiple violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4 (misconduct). No briefs have been filed and this matter stands submitted for decision based on the record. SCR 105(3)(b).[1]

The State Bar has the burden of showing by clear and convincing evidence that Aylward committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Aylward failed to answer the complaint and a default was entered. SCR 105(2). The record therefore establishes that Aylward violated RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), and RPC 1.15 (safekeeping property) by agreeing to represent and accepting fees from three clients in separate

---

[1]Aylward currently is administratively suspended for failing to comply with continuing legal education (CLE) requirements and failing to pay annual bar dues.

16-33027

matters over a two-year period of time but then failing to perform the work he was retained to do, failing to keep the clients informed as to the status of their matters, and being unresponsive to the clients' efforts to contact him or recoup their money. By violating those rules, Aylward also violated RPC 8.4(a). Additionally, the record establishes that Aylward failed to cooperate with the disciplinary investigation into the three grievances, thereby violating RPC 8.1(b).

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo, SCR 105(3)(b), and therefore "must . . . exercise independent judgment," *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Aylward violated duties owed to his clients (competence, diligence, communication, and safekeeping property) and to the legal profession (fees and cooperation in disciplinary investigation). He was aware of the nature or attendant circumstances of his conduct, particularly that he had agreed to represent the aggrieved clients and accepted money from them but never did the work he was retained to do and did not communicate with them about their matters or respond to their inquiries. Aylward's misconduct also caused actual injury to his clients. He arguably acted with intent to delay the disciplinary proceedings when he failed to cooperate during the investigation, particularly after he met with a representative of bar counsel's office and obtained an extension of time to respond to the grievances and to provide

documentation about a purported medical condition. Aylward's failure to cooperate in the disciplinary investigation "violated one of his most fundamental duties as a professional," *In re Riddle*, 857 P.2d 1233, 1235-36 (Ariz. 1993), and threatens the self-regulating disciplinary system that is crucial to the legal profession. The failure to cooperate also constitutes an aggravating circumstance with respect to the other violations. *See* SCR 102.5(1). And the other aggravating circumstances found by the hearing panel—dishonest or selfish motive, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and indifference to making restitution, *see* SCR 102.5(1)—are supported by the record.[2] Considering all of these factors, we agree that a suspension is warranted, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 4.42 and 7.2 (Am. Bar. Ass'n 2015); *see also* Annotated Standards for Imposing Lawyer Sanctions 360-61 (Am. Bar. Ass'n 2015), and that the recommended suspension of three years is sufficient to serve the purpose of attorney discipline to protect the public, the courts, and the legal profession, *see State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).[3]

---

[2]The hearing panel also found an aggravating circumstance based on prior disciplinary offenses. We conclude that finding is not supported by the record. Aylward's suspension for failing to pay bar dues and provide the disclosures required by SCR 79 is an administrative, not a disciplinary, suspension.

[3]Where, as here, there are multiple charges of misconduct, "[t]he ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations." Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar. Ass'n 2015). In this

*continued on next page . . .*

Accordingly, we hereby suspend attorney Jeffrey Aylward from the practice of law in Nevada for a period of three years commencing from the date of this order. Aylward shall pay the costs of the disciplinary proceedings, plus $2000 for bar staff salaries, within 30 days from the date of this order. We further agree with the hearing panel that, before seeking reinstatement under SCR 116, Aylward must pay restitution to the grievants in the amounts identified in the hearing panel's written decision and reimburse the Client Security Fund for any amounts paid to the grievants.[4] The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

---

*. . . continued*

case, the most serious instances of misconduct warrant suspension, as indicated by Standards 4.42 and 7.2.

[4]We decline at this time to impose the four-year restriction on solo practice and access to client funds recommended by the hearing panel as a condition on reinstatement. Such conditions are more appropriately addressed in connection with the proceedings on any petition for reinstatement filed by Aylward.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Chair, Southern Nevada Disciplinary Panel
       Jeffrey P. Aylward
       C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Perry Thompson, Admissions Office, U.S. Supreme Court