# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
TRACEY L. ITTS, BAR NO. 6353.

No. 71628



**FILED**

MAY 18 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review under SCR 105(3)(b) of the Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law and recommendation that attorney Tracey L. Itts be suspended from the practice of law for two years, retroactive to September 25, 2015, based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 8.1(b) (bar admission and disciplinary matters), and RPC 8.4(d) (misconduct). The panel further recommends that Itts be required to pay up to $9,000 in restitution as a condition precedent to reinstatement and pay to the State Bar $2,500 in costs associated with her suspension and $601.26 in costs for her disciplinary proceedings. No briefs have been filed and this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Itts committed the violations charged. *In re Discipline of Drakulich,* 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the State Bar's complaint are deemed admitted because Itts failed to answer the complaint and a default was entered. SCR 105(2). The record therefore establishes that Itts violated RPC 1.3 and RPC 1.4 by failing to provide the district court

with a proposed order in a child custody and support matter and failing to communicate with her client who attempted to contact her. The record further establishes that Itts violated RPC 1.3, RPC 1.4, RPC 1.15, and RPC 8.4(d) by failing to forward funds and checks received on behalf of a client, and failing to communicate when the client attempted to contact her. Additionally, the record establishes that Itts failed to cooperate with the disciplinary investigation, thereby violating RPC 8.1(b).

In evaluating the proposed discipline, we review the disciplinary panel's recommendations de novo, SCR 105(3), and therefore "must . . . exercise independent judgment," *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Itts violated duties owed to her clients (RPC 1.3, RPC 1.4, and RPC 1.15) and to the legal profession (RPC 8.1(b) and RPC 8.4(d)), and it appears that her conduct was knowing or at least negligent. Failing to forward money owed to a client is an actual injury to the client, and failing to submit a proposed order and forward additional checks received for a client had the potential to injure clients, although no evidence was presented of an actual injury based on those actions.

Further, Itts' failure to cooperate in the disciplinary investigation "violated one of [her] most fundamental duties as a professional," *In re Riddle*, 857 P.2d 1233, 1235-36 (Ariz. 1993), and threatens the self-regulating disciplinary system that is crucial to the legal profession. The failure to cooperate also constitutes an aggravating

circumstance with respect to the other violations. *See* SCR 102.5(1). In mitigation, Itts has no prior disciplinary record and the disciplinary panel found that Itts lacked a dishonest or selfish motive in her actions. *See* SCR 102.5(a)(2), (b). Considering all these factors, we agree that a suspension is warranted. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standards 4.12, 4.42, and 7.2 (Am. Bar Ass'n 2015) (providing that, absent mitigating circumstances, suspension is the appropriate discipline for knowingly failing to perform services for a client and engaging in a pattern of neglect that causes injury or potential injury to a client, improperly dealing with client property, and knowingly failing to cooperate with a disciplinary investigation).

We are not convinced, however, that Itts' suspension should run retroactively from the date of her administrative suspension for failure to pay her State Bar dues. A retroactive suspension to run concurrent with an administrative suspension would not serve the purpose of attorney discipline, which is to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne,* 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Itts' failure to properly safekeep her client's funds, failure to communicate with clients the disciplinary panel found to be vulnerable and requiring assistance in family law matters, failure to submit an order as directed by the district court, and failure to cooperate in the disciplinary matter are all serious violations of the rules of professional conduct. Accordingly, we hereby suspend attorney Tracey L. Itts from the practice of law for a period of two years commencing from the date of this order. We decline to order the restitution recommended by the disciplinary panel, as it is unclear how much money, if any, Itts may owe

to her client and the issue of restitution can be addressed if Itts applies for reinstatement. *See* SCR 116(5). Itts shall pay to the State Bar $3,101.26 for the costs of suspension and the disciplinary proceeding within 30 days of this order. *See* SCR 120(1). The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.       _____, J.
Douglas                                        Gibbons

_____, J.       _____, J.
Pickering                                      Hardesty

_____, J.       _____, J.
Parraguirre                                   Stiglich

cc:     Chair, Southern Nevada Disciplinary Board
        Tracey L. Itts
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada
        Perry Thompson, Admissions Office, U.S. Supreme Court